FIFTH DIVISION

No. 1-07-0060

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CR 401 |
| | ) | |
| MICHAEL TAYLOR, | ) | Honorable |
| | ) | Marcus R. Salone, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the opinion of the court:

Defendant Michael Taylor was charged with multiple counts of criminal sexual assault and aggravated criminal sexual abuse for misconduct with a minor. In this interlocutory appeal, the State asserts that the trial court erred in refusing to admit defendant's prior 1998 sexual offense as substantive evidence to show propensity pursuant to section 115-7.3 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/115-7.3 (West 2004)). We reverse and remand for further proceedings.

In December 2004, defendant was charged by indictment with performing various sex acts with a 13-year-old male, W.T., while defendant held a position of trust, authority or supervision in relation to W.T. Specifically, defendant is charged with sexually assaulting and abusing W.T. while acting as W.T.'s counselor and reverend. The charges alleged eight counts of criminal sexual assault and seven counts of aggravated criminal

sexual abuse, occurring from October 5, 2004, through November 15, 2004.

On June 23, 2006, defendant filed a motion to bar the use of evidence of his prior conviction for sexual criminal assault to impeach his credibility. In response, the State filed a "Motion for Proof of Other Crimes," seeking to admit defendant's prior 1998 sexual offense as substantive evidence to show propensity pursuant to section 115-7.3. According to the State's motion, defendant's 1998 sexual offense stemmed from the commission of illegal sex acts with a 17-year-old male victim between December 15, 1998, and December 23, 1998. Defendant, while acting as the chairman of the school board at the victim's high school, offered to assist the victim with admission into college. Thereafter, defendant committed multiple sex acts with the victim, including: (1) rubbing the victim's penis with his hand; (2) performing oral sex on the victim; (3) licking the victim's anus; and (4) having the victim rub defendant's penis with the victim's hand. The State also alleged that defendant assaulted the victim at defendant's and the victim's residence, and that defendant gave money to the victim on several occasions.

Furthermore, the State alleged that in the current charges, defendant was working at a shelter when he approached W.T. and his mother and encouraged W.T.'s mother to live with relatives who did not have room for W.T. Defendant subsequently offered to

have W.T. live with him.  Thereafter, between October 6, 2004, and November 11, 2004, defendant, while in his residence, performed oral sex on W.T., licked W.T.'s anus, inserted his finger into W.T.'s anus, and inserted the handle of a hairbrush into W.T.'s anus.

In addition, the State alleged that defendant was a minister at New Covenant Baptist Church at the time of both offenses and that neither W.T. nor the other victim was related to defendant, but both shared defendant's last name.

Following a hearing, the trial court denied the State's motion to admit evidence of defendant's prior conviction for criminal sexual assault.  The trial court expressly stated:

> "There is, in my opinion, significant time difference between the previously adjudicated matter and the matter before this Court.
>
> There is also a significant difference in the age of the two [victims], significant not only in terms of years, but also in arguably the maturity of the respective victims or alleged victims.
>
> The third prong, that being relevant factors is of no moment, in my opinion.  I'm aware of the Supreme Court decision that the

State relies upon, and it really baffles me
and it has running in long standing
prohibition of proof of other crimes to show
propensity.

And I wish the justices in that case
would sit here as I have and look out over
people in this courtroom when the State
begins to talk about the comparisons, the
case at bar versus the prior matter.  Those
justices would have seen as I did citizens in
this courtroom shaking their head, frowning,
none of which I believe was in accordance
with the presumption of innocence."

On appeal, the State first asserts that the trial court erred as a matter of law by finding the evidence of the 1998 offense *per se* inadmissible.

Under the common law, admission of other-crimes evidence is generally prohibited to show propensity to commit the charged crime.  People v. McKibbins, 96 Ill. 2d 176, 182 (1983). However, the parties both rightly agree that section 115-7.3 created an exception for propensity evidence in sex offense cases.  See People v. Donoho, 204 Ill. 2d 159, 176 (2003) ("the legislature enacted section 115-7.3 to enable courts to admit evidence of other crimes to show defendant's propensity to commit

sex offenses").

Section 115-7.3 applies to criminal cases, such as this, where the defendant is accused of criminal sexual assault and aggravated criminal sexual abuse.  725 ILCS 115-7.3(a) (West 2004).  Further, evidence of another offense of criminal sexual assault "may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant."  725 ILCS 115-7.3(b) (West 2004).  When weighing the probative value of the prior offense against undue prejudice to the defendant, the court may consider: (1) the proximity in time to the charged offense; (2) the degree of factual similarity to the charged offense; and (3) other relevant facts and circumstances.  725 ILCS 5/115-7.3(c) (West 2004).

The trial court's decision to admit or deny other-crimes evidence to show the defendant's propensity to commit sex offenses will not be disturbed absent an abuse of discretion. Donoho, 204 Ill. 2d at 182.  A trial court abuses is discretion where its ruling is arbitrary, fanciful or where no reasonable person would take the view adopted by the court.  Donoho, 204 Ill. 2d at 182.  However, "[t]o the extent that the trial court determine[s] that evidence [is] inadmissible *per se* as to its probative value for propensity, that decision is incorrect as a matter of law."  People v. Childress, 338 Ill. App. 540, 552 n.2

1-07-0060

(2003).

Here, we reject the State's contention that the trial court erred as a matter of law by determining that evidence of defendant's 1998 sexual offense was *per se* inadmissible. In denying the State's motion to admit the evidence, the court stated that it found Donoho "baffl[ing]" in relation to the long-standing common law prohibition of proof of other crimes to show propensity. Moreover, the court implied that the introduction of the 1998 offense for propensity would have belied the presumption of innocence. However, the court expressly mentioned the three factors of section 115-7.3(c) and even discussed, albeit briefly, two of those factors, *i.e.*, proximity in time and degree of factual similarity. Thus, we cannot conclude that the trial court determined that the evidence concerning the 1998 offense was inadmissible *per se* as to its probative value for propensity.

Next, the State asserts that the trial court abused its discretion by failing to conduct a meaningful analysis of the probative value of defendant's prior conviction pursuant to section 115-7.3. Specifically, the State argues that the trial court applied subsection (c) without first deciding whether propensity evidence was allowed under the statute, thus making its decision arbitrary and an abuse of discretion.

In this case, it is unclear whether the trial court considered defendant's 1998 sexual offense in terms of its

probative value for propensity before applying the factors in subsection (c). See Childress, 338 Ill. App. 3d at 552. Regardless, review of the record reveals that the two offenses are eligible under subsection (a) and defendant's prior conviction is otherwise admissible pursuant to subsection (b). Thus, the ultimate issue is whether the trial court abused its discretion when it determined that the prejudicial effect of defendant's 1998 sexual offense outweighed its probative value under subsection (c). On this issue, the State correctly contends that the 1998 offense was more probative than prejudicial according to subsection (c)'s balancing test.

First, the six-year gap in time between the 1998 offense and the charged offense was not "significant," as stated by the trial court. In Donoho, the supreme court stated that "[t]he appellate court has affirmed admission of other-crimes evidence over 20 years old under the exceptions because the court found it to be sufficiently credible and probative." Donoho, 204 Ill. 2d at 184, citing People v. Davis, 260 Ill. App. 3d 176, 192 (1994). The Donoho court then held that a 12- to 15-year time gap between offenses, by itself, was insufficient to render the admission of a prior offense an abuse of discretion. Donoho, 204 Ill. 2d at 184. Accordingly, we conclude that the six-year gap here was not substantial.

Second, even assuming the time lapse was significant, its

negative impact on the probative value of defendant's 1998 offense is overcome by the degree of factual similarity between the two offenses. As the factual similarities increase, so does the probative value of other-crimes evidence. People v. Wilson, 214 Ill. 2d 127, 142 (2005). "To be admissible under the statute, the other-crimes evidence should have some threshold similarity to the charged crime." People v. Boand, 362 Ill. App. 3d 106, 122 (2005). However, because no two independent crimes are identical, some factual disparity between a prior offense and a current charge will not defeat admissibility. Donoho, 204 Ill. 2d at 185, citing People v. Illgen, 145 Ill. 2d 353, 373 (1991).

In the instant case, the facts of the 1998 offense are sufficiently similar to the facts of the charged crime. In both cases, defendant was in a position of trust, authority, or supervision in relation to the victim when he committed the offense. Moreover, in each case, defendant lured the victim by offering to assist the victim with a pressing issue, *i.e.*, admission into college and homelessness. Furthermore, both of the victims were males and each shared defendant's surname. Regarding the sex acts, in each case defendant performed oral sex on the victims and licked their anuses. Other relevant facts and circumstances include that defendant was a minister in both 1998 and 2004 and that defendant assaulted each victim at his residence. Based on this record, we conclude that the probative

value of defendant's 1998 sexual offense outweighed any undue prejudice and, thus, should have been allowed to be admitted as evidence of defendant's propensity to commit sex crimes.

In reaching this conclusion, we reject defendant's argument that the factual similarities ended with the gender of the victims. Defendant advances that the victims differed in age and maturity level, noting that the 17-year-old victim could be criminally charged as an adult, was one year shy of being able to vote, and of legal age to join the armed forces, while the 13-year-old victim was not yet in high school, has few legal rights of his own, and must be in the care of a guardian. In addition, defendant asserts that the sexual acts alleged differ greatly. Defendant states that "[m]ost notably, the State alleges the use of a hairbrush in the anus of the complaining witness. No such apparatus of any kind was used in the first matter. Nor was mutual masturbation." Even though defendant correctly observes these factual discrepancies, we find that he exaggerates their significance in light of the stated compelling similarities. Accordingly, defendant's position is not persuasive.

In light of our decision that evidence of defendant's 1998 sexual offense is admissible to demonstrate his propensity to commit a sexual offense, we need not reach the State's final contention that the trial court abused its discretion where it failed to consider whether the evidence was admissible under

1-07-0060

traditional common law principles.

For the foregoing reasons, we reverse the order of the trial court refusing to allow into evidence defendant's 1998 conviction for criminal sexual assault and remand for further proceedings.

Reversed and remanded.

GALLAGHER and TULLY, JJ., concur.

1-07-0060

_____

**REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT**
**(Front Sheet to be Attached to Each Case)**

_____

| | |
|---|---|
| Please use the following form | The People of the State of Illinois, |
| | Plaintiff-Appellant, |
| | v. |
| | Michael Taylor, |
| | Defendant-Appellee. |

Docket No.

COURT
Opinion
Filed

No.  1-07-0060

Appellate Court of Illinois
First District, FIFTH Division

June 20, 2008
(Give month, day and year)

PRESIDING JUSTICE JAMES FITZGERALD SMITH DELIVERED THE OPINION OF THE COURT:

JUSTICES

TULLY and GALLAGHER, JJ., concur.

APPEAL from the Circuit Court of Cook County; the Hon_____ Judge Presiding.

Lower Court and Trial Judge(s) in form indicated in margin:

Cook          Appeal from the Circuit Court of Cook County.

The Hon. MARCUS R. SALONE, Judge presiding.

FOR APPELLANTS
John Doe, of Chicago

For APPELLEES, :

Indicate if attorney represents APPELLANTS or APPELLEES and include attorney's of counsel. Indicate the word or NONE if not represented.

APPELLANT: STATE'S ATTORNEY, COUNTY OF COOK, Chicago, IL Richard A. Devine, State's Attorney, James E. Fitzgerald and Mary L. Boland, Assistant State's Attorneys.

Smith and Smith of Chicago,

APPELLEE: APRIL D. PREYAR, Chicago, IL April D. Preyar.

(Joseph Brown, of counsel)
Add attorneys for third-party appellants and/or appellees.

- 11 -