No. 3-09-0978

Filed December 28, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Rock Island County, Illinois. |
| | ) | |
| v. | ) | No. 08-CF-473 |
| | ) | |
| CHRISTOPHER JOHN SMITH, | ) | Honorable |
| | ) | F. Michael Meersman, |
| Defendant-Appellee. | ) | Judge, Presiding |

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant was charged with aggravated criminal sexual abuse of his granddaughter. In this interlocutory appeal, the State contends that the trial court erred by refusing to admit certain evidence of the defendant's alleged sexual abuse of other female relatives to show his propensity to commit the charged offense. We affirm.

FACTS

The defendant was charged by information with aggravated sexual abuse of his eight-year-old granddaughter, A.P. The information alleges that defendant knowingly fondled A.P.'s vagina in June 2005.

The State notified the defendant of its intent to present evidence of prior sexual misconduct pursuant to section 115-7.3 of the Code of Criminal Procedure of 1963 (the Code)

(725 ILCS 5/115-7.3 (West 2008)).  Specifically, the State sought to present the testimony of:  (i) two of the defendant's sisters who claimed that the defendant sexually assaulted them in the 1960s;  (ii) three of the defendant's daughters who claimed that he fondled them and digitally penetrated them in the 1970s and 1980s when they were preteens and teenagers; and (iii) another granddaughter (E.M.) who alleged that defendant rubbed her in her vaginal area outside of her clothing approximately five years before the charged offense, when she was approximately six years old.  The State listed each of these individuals as potential witnesses and produced written statements from each during pretrial discovery.

The defendant moved the trial court to bar all of this evidence.  He challenged admission on the grounds that the alleged prior sexual offenses had not been reported to the authorities prior to the instant charge and the State did not identify the specific purpose for which the evidence would be offered.  The defendant also argued that the alleged prior offenses did not satisfy the requirements of section 115-7.3 for admission because they were irrelevant and because any conceivable probative value of the alleged offenses was substantially outweighed by the unfair prejudice that their admission would cause the defendant.  Specifically, he maintained that the alleged prior offenses were too remote in time and factually dissimilar from the charged offense to qualify for admission under section 115-7.3.  He also claimed that the evidence would unfairly prejudice him given its sheer volume and the lack of specificity regarding when the offenses allegedly occurred.

In response, the State argued that the alleged prior sexual offenses were sufficiently similar and close in time to be admissible under section 115-7.3.  The State also reminded the

2

trial court that section 115-7.3 creates an exception to the common law rule that evidence of prior misconduct is inadmissible to prove the defendant's propensity to commit the charged offense.

The trial court conducted two hearings on defendant's motions to bar this evidence. Before reaching a decision, the trial court reviewed the documents submitted by the State, which included police reports and transcripts of interviews of A.P and other alleged victims. The court also viewed videotaped interviews of A.P and E.M that were conducted by investigators at the Child Advocacy Clinic.

After considering this evidence, the trial court issued a written order granting the defendant's motion in part and denying it in part. The court weighed the probative value of the proposed other-crimes evidence against its potential to cause undue prejudice to the defendant, as required by section 115-7.3. In conducting this analysis, the court explicitly considered the factors outlined in the statute, including the proximity in time and the factual similarity between the alleged prior offenses and the charged offense.

Applying those factors, the court barred the State from introducing evidence of the defendant's alleged sexual abuse of his sisters and daughters. The court reasoned that defendant's alleged abuse of his sisters—which purportedly occurred in the 1960s and 1970s and involved forced sexual intercourse—was "too remote in time" and too "factually dissimilar" to the charged conduct to be admissible under the statute. The court also concluded that the allegations of sexual abuse made by the defendant's daughters were factually dissimilar from the charged offense in that they involved claims of digital penetration and/or rubbing of the vaginal area under the clothing, whereas the charged offense involved rubbing of the vaginal area outside of the victim's clothing. The court expressed concern that, if such evidence were admitted, it

3

could lead a jury to convict the defendant based upon these alleged prior bad acts rather than the charged offense. The court also noted that, if all of the alleged victims were allowed to testify, the "cumulative probative value" of the evidence might convince a jury to convict the defendant "because he is a bad person" and "deny him a fair opportunity to defend himself against the charged offense."

However, the trial court allowed the State to present evidence of defendant's alleged sexual abuse of his other granddaughter, E.M. The court found that E.M.'s allegations were "strikingly similar" to A.P's claims in this case with regard to the ages of the two victims, their relation to the defendant, and the nature of the alleged abuse. Thus, applying the same statutory factors discussed above, the court concluded that "the probative value of [E.M's] testimony outweighs its prejudicial effect," and that E.M.'s testimony "is allowed under 725 ILCS 5/115-7.3." The court also noted that, because both E.M. and A.P alleged that the defendant touched their vaginal areas outside of their clothing, E.M.'s testimony could be used to show the defendant's "intent, motive, or absence of mistake."

The State filed a certificate of substantial impairment appealing the trial court's ruling. We affirm.

ANALYSIS

Under the common law, other-crimes evidence is not admissible to demonstrate the defendant's propensity to commit the charged crime. People v. Donoho, 204 Ill. 2d 159, 169 (2003). Evidence of prior crimes is admissible only if it is offered for a specific relevant purpose, such as consciousness of guilt, *modus operandi*, design, motive, absence of mistake, or knowledge. People v. Banks, 161 Ill. 2d 119, 137 (1994).

4

Section 115-7.3 of the Code (725 ILCS 5/115-7.3 (West 2008)) provides an exception to the common law rule against other-crimes evidence for cases in which the defendant is accused of criminal sexual assault or certain other specified sex crimes. Under this section, evidence of another criminal sexual assault "may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant" (725 ILCS 5/115-7.3(b) (West 2008)), including a "defendant's propensity to commit sex offenses." Donoho, 204 Ill. 2d at 176.

When weighing the probative value of the prior offense against undue prejudice to the defendant, the court may consider: (1) the proximity in time to the charged offense; (2) the degree of factual similarity to the charged offense; and (3) other relevant facts and circumstances. 725 ILCS 5/115-7.3(c) (West 2008). The purpose of this inquiry is to avoid admitting evidence that entices a jury to find defendant guilty *only* because it feels he is a bad person deserving punishment, rather than basing its verdict on proof specific to the offense charged. People v. Ross, 395 Ill. App. 3d 660, 674 (2009); People v. Boyd, 366 Ill. App. 3d 84, 94 (2006); People v. Childress, 338 Ill. App. 3d 540, 548 (2003).

We may not reverse the trial court's decision to admit or deny other-crimes evidence unless the court abused its discretion. Donoho, 204 Ill. 2d at 182-83. A trial court abuses its discretion when its ruling is " ' "arbitrary, fanciful, or unreasonable," ' " or where " ' "no reasonable man would take the view adopted by the trial court." ' [Citation.]" Donoho, 204 Ill. 2d at 182. " '[R]easonable minds [can] differ' " about whether such evidence is admissible without requiring reversal under the abuse of discretion standard. Donoho, 204 Ill. 2d at 186, quoting People v. Illgen, 145 Ill. 2d 353, 375-76 (1991). The reviewing court "owes some

5

deference to the trial court's ability to evaluate the impact of the evidence on the jury." Donoho, 204 Ill. 2d at 186, citing Illgen, 145 Ill. 2d at 375-76. We "may not simply substitute [our] judgment for that of the trial court" on these matters. Illgen, 145 Ill. 2d at 371.

The State argues that the trial court abused its discretion in several respects when it refused to allow evidence of the defendant's alleged sexual abuse of his sisters and daughters to show his propensity to commit sex offenses. First, the State argues that the trial court "wrongly interpreted section 115-7.3 to mean that other-crimes evidence is admissible only if it is offered to prove intent, *modus operandi*, identity, motive, or absence of mistake," and erroneously "conditioned admission of the defendant's prior sexual offenses on whether they qualified under" one of these common law exceptions. In other words, the State contends that the trial court failed to recognize that section 115-7.3 creates an exception to the common law rule against the admission of propensity evidence.

We disagree. Nothing in the trial court's order "conditions the admissibility" of any other-crimes evidence of the satisfaction of a common law exception. To the contrary, the trial court ruled that evidence of the defendant's alleged abuse of E.M. "is allowed under 725 ILCS 5/115-7.3," and did not impose any limits, qualifications, or conditions on that ruling. Moreover, the trial court applied the statutory factors for determining admissibility rather than a common law analysis, and it relied upon Donoho—the Illinois Supreme Court decision which construed section 115-7.3 as allowing for the admission of propensity evidence. Thus, although the court also stated that E.M's testimony could be used to show "intent, motive, or absence of mistake," the most logical reading of the court's order is that E.M.'s testimony is admissible for those purposes *in addition* to showing the defendant's propensity under section 115-7.3. In any event,

6

nothing in the court's order suggests that E.M.'s testimony may not be used to show propensity. In fact, the court's application of the statutory factors suggests exactly the opposite. See People v. Taylor, 383 Ill. App. 3d 591, 594 (2008) (rejecting the State's argument that the lower court had ruled that evidence of a prior sex crime was inadmissible to show propensity where the trial court had "expressly mentioned the three factors of section 115-7.3(c) and even discussed, albeit briefly, two of those factors, *i.e.*, proximity in time and degree of factual similarity").

Moreover, even if the trial court failed to consider whether the alleged prior sexual offenses could be admitted to show propensity, we may affirm if the court's decision is supported by the record. Leonardi v. Loyola University of Chicago, 168 Ill. 2d 83, 97 (1995) (noting that a reviewing court "can sustain the decision of a lower court on any grounds which are called for by the record, regardless of whether the lower court relied on those grounds and regardless of whether the lower court's reasoning was correct"); People v. Reed, 361 Ill. App. 3d 995, 1000 (2005) ("[w]e review the trial court's judgment, not its rationale," and "[w]e can affirm for any reason the record supports.") (citation omitted). Thus, regardless of the reasoning employed by the trial court, the ultimate issue is whether it would be an abuse of discretion to conclude that the unduly prejudicial effect of defendant's alleged prior sexual offenses outweighed their probative value to show propensity under section 115-7.3(c). Taylor, 383 Ill. App. 3d at 595-96.[1]

---

[1] See also Childress, 338 Ill. App. 3d at 552-53 (affirming lower court's decision to exclude evidence of defendant's prior conviction for a sex crime under section 115-7.3 even though the lower court's order "d[id] not *** explicitly state whether the evidence was considered in terms of its probative value of defendant's propensity to commit a sexual offense" where the refusal to allow such evidence to show propensity under section 115-7.3(c) would not

7

There was no abuse of discretion in this case. Applying the analysis prescribed by section 115-7.3, the court concluded that the defendant's alleged abuse of his two sisters and three daughters was too remote in time and/or factually dissimilar from the charged offense to be admissible under the statute. Defendant's sisters claimed that the defendant committed acts of forcible sex upon them in the 1960s, 35 to 42 years before A.P.'s alleged abuse. The defendant's daughters alleged that the defendant digitally penetrated them and/or rubbed their vaginal areas under their clothing in the 1970s and 1980s, 25 to 35 years prior to the charged offense. Each of these alleged offenses was factually dissimilar from the charged offense, which involved allegations that the defendant rubbed A.P's vaginal area outside her clothing. Given these factual differences, the substantial gap in time between the alleged prior crimes and the charged offense, and the very real possibility that evidence of the defendant's sexual abuse of five other female relatives would lead the jury to convict him based upon those other crimes alone, we cannot say that the trial court abused its discretion by excluding this evidence. The tendency of this other-crimes evidence to unfairly prejudice the defendant substantially outweighs its probative value to show propensity under section 115-7.3(c).

The State argues that the trial court placed undue emphasis on the gap in time between the offenses, noting that Illinois courts have affirmed admission of other-crimes evidence over 20 years old under the common law (citing People v. Davis, 260 Ill. App. 3d 176 (1994)) and have

be an abuse of discretion); Reed, 361 Ill. App. 3d at 1000 (affirming trial court's admission of other-crimes evidence after concluding that the evidence was admissible to show propensity under section 115-7.3 even though "[t]he trial court apparently did not rely on section 115-7.3" and "neither party cited that statute in the proceedings below").

8

admitted evidence of 12- to 17-year-old crimes to show propensity under section 115-7.3 (citing

Ross, 395 Ill. App. 3d at 675-77 (17 years); Donoho, 204 Ill. 2d at 184 (12-15 years)). The State

also argues that the trial court exaggerated and overemphasized the factual differences between

the alleged prior offenses and the charged offense, noting that each incident involved the

defendant's fondling of the vagina of a female relative under the age of consent while the

defendant was "in a position of trust, authority, or supervision in relation" to each victim. The

State contends that these factual similarities compensate for the time lapse between the offenses

and weigh in favor of admission.

We are not persuaded. To be admissible under section 115-7.3, the prior offenses may

not be too remote in time and must "have 'some threshold similarity' " to the charged offense.

Donoho, 204 Ill. 2d at 184, quoting People v. Bartall, 98 Ill. 2d 294, 310 (1983); Illgen, 145 Ill.

2d at 372-73. "As factual similarities increase, so does the relevance or probative value." People

v. Wilson, 214 Ill. 2d 127, 142 (2005). Conversely, although the existence of some differences

between the offenses does not defeat admissibility (Donoho, 204 Ill. 2d at 184), "as the number

of dissimilarities increase, so does the prejudicial effect of the other-crimes evidence." (People

v. Johnson, 389 Ill. App. 3d 618, 624 (2009), vacated on other grounds, 237 Ill. 2d 574 (2010)

(order)). Here, the alleged prior offenses occurred 25 to 42 years prior to the charged offense.

The State cites no case where such stale other-crimes evidence was admitted to show propensity

under section 115-7.3, nor have we found any such case. The enormous time lapse between the

offenses in this case, standing alone, renders the prior offenses prejudicial. This prejudice is

compounded by the factual differences between the alleged prior offenses and the charged

offense, especially since the prior offenses involve uncharged and unproven allegations of sexual

9

abuse that is even more heinous than the charged offense. See People v. Walston, 386 Ill. App. 3d 598, 621 n.9 (2008) (noting that "the question of whether a specific other crime may be proven could also raise questions regarding whether a description of the circumstances of that other crime, which may be more heinous than the charged crime, causes undue prejudice"). Under these circumstances, it was reasonable for the trial court to determine that the unduly prejudicial effect of this other-crimes evidence outweighed its probative value to show propensity.[2]

Moreover, it is important to note that the trial court did not exclude all of the other-crimes evidence proffered by the State. As noted, the court's order allows the State to present evidence of the defendant's alleged sexual abuse of his other granddaughter, E.M, which allegedly

---

[2] The State's reliance on Taylor, 383 Ill. App. 3d at 595, is misplaced because Taylor is distinguishable from this case on several grounds. In Taylor, the court reversed the lower court's exclusion of evidence of the defendant's conviction for a prior sex crime. However, the prior crime in Taylor occurred only six years before the charged offense. Moreover, in Taylor, there were "compelling similarities" between the prior crime and the charged offense. For example, both offenses involved virtually identical sex acts and both victims shared the same last name as the defendant. There are no such "compelling similarities" in this case. Also, in Taylor, the State sought to present evidence of only one prior crime. Thus, the lower court's refusal to admit evidence of that crime left the State with no basis to argue propensity. Here, by contrast, the trial court allowed evidence of the defendant's alleged abuse of E.M. and merely sought to exclude other, less probative evidence. Thus, the State will have an ample evidentiary basis from which to argue propensity in this case.

10

occurred approximately five years before the charged offense. The court admitted this evidence because it found that E.M.'s allegations were "strikingly similar" to A.P's claims with regard to "the ages of the two victims, their relation to the defendant, and the nature of the alleged abuse," which involved fondling of the victim's vaginal area over her clothing in both cases. Because of its proximity in time and high degree of similarity to the charged offense, evidence of the defendant's alleged abuse of E.M. is extremely probative of his propensity to commit the charged offense. Thus, despite the court's exclusion of several older, less similar (and therefore less probative) instances of alleged misconduct, the State will be left with an ample basis to argue propensity at trial.

Finally, the trial court's exclusion of evidence of the defendant's alleged abuse of his sisters and daughters appears even more reasonable when we consider the sheer volume of other-crimes evidence proffered by the State. Even when relevant and probative, other crimes evidence must not become a "focal point" of the trial. Boyd, 366 Ill. App. 3d at 94. In admitting evidence of other crimes to show propensity, a trial court "should not permit a 'mini-trial' of the other, uncharged offense[s], but should allow only that which is necessary to 'illuminate the issue for which the other crime was introduced.' [Citation.]" People v. Bedoya, 325 Ill. App. 3d 926, 938 (2001); Boyd, 366 Ill. App. 3d at 94 ("Courts have warned against the dangers of putting on a 'trial within a trial,' with detail and repetition greatly exceeding what is necessary to establish the particular purpose for the evidence"). Accordingly, a "large volume" of evidence of other crimes "may make probative other-crimes evidence overly prejudicial," and courts should limit the amount of other-crimes evidence when the defendant's propensity can be established by only "a few instances of uncharged conduct" or by some other admissible evidence. People v.

11

Cardamone, 381 Ill. App. 3d 462, 496-97 (2008); see also People v. Walston, 386 Ill. App. 3d 598, 622 (2008) (in considering what quantity of other-crimes evidence to admit under section 115-7.3, trial courts "may consider the additional undue prejudice caused by the more thorough evidence, *** the likelihood that the more thorough evidence will distract the jury or unduly prolong the trial, and the availability of less improperly prejudicial alternative evidence (or the suitability of more limited evidence) to establish propensity").

Here, the State sought to present evidence of multiple instances of the defendant's alleged sexual abuse of six other female relatives. The court was legitimately concerned that, if this avalanche of other-crimes evidence were admitted, the jury would be led to convict the defendant based solely on these prior bad acts rather than upon proof of his commission of the charged offense. It was appropriate for the trial court to minimize this possibility by imposing reasonable limits on the evidence, *i.e.*, by allowing only the most similar—and therefore the most probative—evidence. This decision was particularly reasonable given that the other-crimes evidence that the court excluded was factually dissimilar and very remote in time from the charged offense.

Relying on Walston, the State suggests that a trial court should not concern itself with avoiding mini-trials of multiple, uncharged offenses when evidence of those other offenses is offered to show propensity under section 115-7.3. In Walston, the second district of our appellate court concluded that because section 115-7.3 abrogates the common law rule barring the admission of other-crimes evidence to show propensity in certain sex cases and expressly allows the parties to present competing evidence relating to alleged prior crimes, the traditional concerns regarding the dangers of "mini trials" of such crimes are less pressing in section 115-

12

7.3 cases. Accordingly, the court ruled that "while a 'mini-trial' of a collateral offense can cause undue prejudice in a section 115-7.3 case, it is not necessary in such a case that a court carefully limit[ ] the details of the other crime to what is necessary to illuminate the issue for which the other crime was introduced," and that "[a]ny limits under section 115-7.3 on mini-trials based on judicial economy must *** defer largely to prosecutorial discretion." We respectfully disagree. To be sure, several instances of misconduct might be needed to establish propensity in some cases, and it will often be difficult to determine how much is enough and how much is too much. However, trial courts must ensure that the jury is not tempted to convict the defendant based upon his past crimes rather than his commission of the charged offense. To achieve that result, the court must admit only so much evidence as is reasonably necessary to establish propensity. The fact that section 115-7.3 allows the parties to present competing evidence regarding other crimes does not alter this basic principle of fundamental fairness. Moreover, trial courts have the authority and the responsibility to control the presentation of evidence in a manner that minimizes juror confusion and promotes judicial economy (see Boyd, 366 Ill. App. 3d at 93), and they should not "defer to prosecutorial discretion" in these matters.

For all these reasons, the trial's court's order was an appropriate exercise of discretion. Our supreme court has "urge[d] trial judges to be cautious in considering the admissibility of other-crimes evidence to show propensity by engaging in a meaningful assessment of the probative value versus the prejudicial impact of the evidence." Donoho, 204 Ill. 2d at 186. That is precisely what the trial court did in this case. It considered the proximity in time between the alleged prior sexual offenses and the charged offense, the degree of factual similarity between the offenses, and other relevant factors, as required by the statute. 735 ILCS 5/115-7.3(c) (West

13

2006); Donoho, 204 Ill. 2d at 182-83. Applying this analysis, the court barred evidence of some of the alleged prior crimes after concluding that they were too remote in time, too factually dissimilar to the charged offense, and too likely to cause a jury to convict the defendant on an improper basis. Although reasonable persons can disagree with the trial court's decision, the court's ruling was certainly not "arbitrary," "fanciful," or "unreasonable." Thus, it must be upheld.

CONCLUSION

For the foregoing reasons, we find that the circuit court of Rock Island County did not abuse its discretion in refusing to allow certain other-crimes evidence to show the defendant's propensity to commit sexual offenses. We therefore affirm the court's order.

Affirmed.

JUSTICES McDADE and CARTER, JJ., concur.