**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220461-U

Order filed October 31, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellant, | ) ) | Appeal No. 3-22-0461 |
| v. | ) ) | Circuit No. 12-CF-2382 |
| | ) ) | Honorable |
| DEMETRIUS A. BEAL, | ) ) | Sarah-Marie F. Jones, Judge, Presiding. |
| Defendant-Appellee. | ) | |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices McDade and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in denying the State's motion *in limine* to admit other-crimes evidence.

¶ 2    The State appeals the trial court's denial of its motion *in limine* to admit evidence of other crimes committed by defendant, Demetrius A. Beal. We affirm.

¶ 3                            I. BACKGROUND

¶ 4 On October 12, 2012, defendant was charged with predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)). The charge alleged defendant anally assaulted the 20-month-old female child of his live-in girlfriend on May 26, 2006. The victim's great grandmother was changing the victim's diaper when she noticed blood inside the diaper and fecal matter. The victim was taken to the hospital along with the diaper and wipe. A sexual assault kit was then performed, and it was determined the victim had been anally assaulted. Trace amounts of semen were detected on a baby wipe, and a DNA profile was obtained. There was no match for the DNA, and the case went unsolved until defendant went to the Department of Corrections (DOC) for an unrelated offense and his DNA was obtained. Defendant's DNA was a match to the DNA found on the wipe. Defendant admitted to detectives that he had changed the victim's diaper earlier in the day.

¶ 5 The case proceeded to a jury trial on February 7, 2017, and ended in a mistrial when the State's first witness violated a pretrial ruling.

¶ 6 While awaiting retrial, on March 1, 2022, defendant was charged with predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020)) for his conduct involving T.H. and I.H. The charges alleged that defendant anally and orally assaulted T.H. and I.H. between January 1, 2011, and February 1, 2012. At the time of the offenses, the victims were approximately four to six years old. Defendant was the live-in boyfriend of the victims' mother. T.H. and I.H. gave victim sensitive interviews in 2021, when they were 14 and 15 years old. T.H. and I.H. alleged defendant anally and orally assaulted them multiple times. At the time of the assaults, defendant was dating their mother and living with them. According to the victims, defendant threatened them not to tell anyone.

¶ 7    The State moved *in limine* to admit evidence of defendant's conduct involving T.H. and I.H. under section 115-7.3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-7.3 (West 2022)). The court heard the motion on October 17, 2022. The State argued the circumstances surrounding the two alleged acts were "virtually identical." In support of its argument, the State heavily relied upon the alleged fact that defendant was the live-in boyfriend of the victims' mothers in both cases. The State explained "[t]he way in which defendant gained the trust of a woman with children, moved in with the family, and then preyed on those children when the mother was not home is exact."

¶ 8    Defendant primarily argued T.H. and I.H.'s statements were unreliable as they were inconsistent and "def[ied] common sense." Defendant pointed out that T.H. and I.H. did not remember the abuse until nearly a decade later. Further, T.H. stated he remembered it was his mother's ex-boyfriend but did not know his name. T.H.'s mother then showed him a photograph of defendant on Facebook, and he identified him as his abuser. Further, T.H. stated that he and I.H. were always abused while in the same room, and that it happened "at least 5 [times]." I.H. stated that defendant would abuse him "every time after his mom would go to work," and that I.H. and T.H. were never in the same room during the abuse. T.H. also did not recall ever being anally assaulted, while I.H. stated he believed he was anally assaulted over 15 times. Defense counsel clarified his argument concerning the statements' reliability was not meant to go toward the victims' credibility, which would be a jury determination, but rather the relevancy of the other-crimes evidence. Defendant further argued that introducing the other-crimes evidence posed the risk of creating a mini-trial given the nature of the allegations and the need for extensive testimony to introduce the evidence. Finally, defendant argued he was in the DOC for a large portion of the

dates he was alleged to have assaulted T.H. and I.H. and, if allowed, defendant would be required to introduce evidence of his detainment to rebut the victims' allegations.

¶ 9 Following the bulk of the oral argument, the court asked the State if they sought to introduce the evidence for propensity only. The State replied they sought to introduce it for "*motis* [*sic*] *operandi*, absence of mistake, for any purpose that it could be admitted into evidence." The State informed the court it would call T.H. and I.H. to testify at trial to introduce the other-crimes evidence. The court took the motion under advisement and, on November 14, 2022, denied it in open court without explanation. The State filed a certificate of substantial impairment and appealed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, the State argues the other-crimes evidence should have been admitted. However, before we reach this issue, we must first consider our jurisdiction to hear this appeal and the applicable standard of review.

¶ 12 A. Jurisdiction

¶ 13 Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017), allows the State to appeal in a criminal case where a trial court's decision results in suppressing evidence which "substantially impairs [the State's] ability to prosecute the case involved." *People v. Young*, 82 Ill. 2d 234, 247 (1980). Defendant argues we do not have jurisdiction to hear this appeal because preclusion of the other-crimes evidence does not substantially impair the State's ability to prosecute the case, particularly because the State previously brought the matter to trial without the other-crimes evidence. However, when "the prosecutor evaluate[s] the effect of the circuit court's order and indicate[s] that the order substantially impair[s] the ability to prosecute the case," the court must "accept that good-faith evaluation." *People v. Sneed*, 2023 IL 127968, ¶ 58. Here, the evidence

4

was suppressed, and the State filed a certificate of substantial impairment. We must rely solely upon that evaluation and therefore have jurisdiction.

¶ 14                                    B. Standard of Review

¶ 15        The parties dispute the standard of review we should use in our analysis. Generally, we may not reverse the trial court's decision to admit or deny other-crimes evidence unless the court abused its discretion. *People v. Donoho*, 204 Ill. 2d 159, 182-83 (2003). When reviewing matters within the trial court's discretion, we may not simply substitute our judgment for that of the trial court. *People v. Illgen*, 145 Ill. 2d 353, 371 (1991). Rather, we may disturb the trial court's ruling only when no reasonable person would take the trial court's position. *People v. Baez*, 241 Ill. 2d 44, 106 (2011).

¶ 16        The State urges us to review the matter *de novo* because the court did not "explain why [it] denied the State's motion." The State does not provide any authority for its argument that the trial court's failure to explain its ruling somehow transformed the trial court's discretionary decision to deny the admission of evidence into a legal question, thus making *de novo* review appropriate. Nor does the State point to anything in the record showing the trial court did not perform the balancing required by section 115-7.3 and the Illinois Rules of Evidence. Moreover, the mere absence of disputed facts does not require that we apply *de novo* review to the trial court's discretionary evidentiary ruling. *People v. Zimmerman*, 2018 IL App (4th) 170695, ¶¶ 65-69. We, therefore, review the court's decision for an abuse of discretion.

¶ 17                                    C. Other-Crimes Evidence

¶ 18        Turning to the merits, the State argues the other-crimes evidence was admissible either under section 115-7.3 of Code (725 ILCS 5/115-7.3 (West 2020)) or the common law. Under the common law, other-crimes evidence is not admissible to demonstrate a defendant's propensity to

5

commit the charged crime. *Donoho*, 204 Ill. 2d at 169. Evidence of other crimes is admissible only if it is offered for a specific relevant purpose, such as consciousness of guilt, *modus operandi*, design, motive, absence of mistake, or knowledge. *People v. Banks*, 161 Ill. 2d 119, 137 (1994).

¶ 19 Section 115-7.3 of the Code provides an exception to the common law rule against other-crimes evidence when, as here, the defendant is accused of predatory criminal sexual assault. Under this section, evidence of another criminal sexual assault "may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant" (725 ILCS 5/115-7.3(b) (West 2020)), including a "defendant's propensity to commit sex offenses." *Donoho*, 204 Ill. 2d at 176. Under section 115-7.3(c), the court may consider "(1) the proximity in time to the charged or predicate offense; (2) the degree of factual similarity to the charged or predicate offense; or (3) other relevant facts and circumstances[,]" when weighing the probative value of the evidence against the undue prejudice. 725 ILCS 5/115-7.3(c) (West 2020).

¶ 20 Relying upon the above factors, we do not believe the court abused its discretion when it denied the State's motion *in limine*. The roughly five-year gap between the offenses does not weigh heavily in favor of the admission of the other crimes. But even if we agreed with the State that the proximity in time strongly supported admission of the other-crimes evidence, the "admissibility of other-crimes evidence should not, and indeed cannot, be controlled solely by the number of years that have elapsed between the prior offense and the crime charged." *Illgen*, 145 Ill. 2d at 370. "There is no bright line rule about when a crime is too distant in time to be admitted; instead, the proximity in time must be evaluated on a case-by-case basis and is a factor in determining the other crime's probative value." *People v. Raymond*, 404 Ill. App. 3d 1028, 1046 (2010).

¶ 21    When other-crimes evidence is not being offered under the *modus operandi* exception, mere general similarities are sufficient to support admissibility. *Donoho*, 204 Ill. 2d at 184. As the similarities between the acts increase or decrease, the offered evidence's probative value also increases or decreases. *Id.* Here, the State relies heavily upon the fact that defendant was the live-in boyfriend at the time of both assaults, both of which included anal assault. But the trial court could have properly found the other-crimes evidence less probative given the specific differences of the acts. The victims were at significantly different stages of development, different genders, and defendant was alleged to have assaulted T.H. and I.H. numerous times orally and anally over the course of 13 months, whereas this case stems from a single act of anal assault on May 26, 2006. Therefore, even if the general similarities between the acts could sufficiently support the offered evidence's admission, those similarities alone are insufficient to render the court's decision an abuse of discretion.

¶ 22    Moreover, the fact that this evidence would likely cause a mini-trial in itself was a sufficient basis to deny the State's request to present the evidence. In admitting evidence of other crimes, a trial court "should not permit a mini-trial of the other, uncharged offense[s]." (Internal quotation marks omitted.) *People v. Bedoya*, 325 Ill. App. 3d 926, 938 (2001). As we have previously held, "trial courts must ensure that the jury is not tempted to convict the defendant based upon his past crimes rather than his commission of the charged offense." *People v. Smith*, 406 Ill. App. 3d 747, 756 (2010). Section 115-7.3 "does not alter this basic principle of fundamental fairness." *Id.*

¶ 23    The State's case-in-chief here will likely center around the reliability of both the DNA test and the health care professionals' opinion that the victim was anally assaulted and will not include any victim testimony. Conversely, to bolster their case and prove propensity, the State sought to admit lay witness testimony regarding continuous and extensive abuse from two victims who are

7

now teenagers and only recently remembered the assaults nearly 10 years after the fact. The trial court could have reasonably concluded the asymmetric nature and volume of the evidence posed an impermissible risk of creating a mini-trial. See, *e.g.*, *id.* at 755 ("[T]he trial court's exclusion of [other-crimes] evidence \*\*\* appears even more reasonable when we consider the sheer volume of other-crimes evidence proffered by the State."); and see *People v. Cardamone*, 381 Ill. App. 3d 462, 496 (2008) ("[Illinois case law] instruct[s] that a large volume may make probative other-crimes evidence overly prejudicial.").

¶ 24　　　　The State next argues the other-crimes evidence is admissible under the common law either to prove *modus operandi* or bolster the identification of defendant. Defendant maintains this argument was forfeited. Generally, issues not raised in the trial court are forfeited on appeal. *People v. Hammons*, 2018 IL App (4th) 160385, ¶ 14. One purpose behind the forfeiture rule is to encourage parties to raise issues in the trial court to ensure that the court is given an opportunity to correct any errors prior to appeal. *People v. Denson*, 2014 IL 116231, ¶ 13. Given this purpose, we do not believe the State forfeited their argument. The court was made aware the State sought to admit the other-crimes evidence to establish *modus operandi*, absence of mistake, or for any other purpose it could be admitted, before taking the matter under advisement. The State's initial brief on the matter additionally discussed the established common law at issue.

¶ 25　　　　Regardless, the trial court did not abuse its discretion in precluding the evidence to show either *modus operandi* or to bolster the identification of defendant as the State now argues on appeal. *Modus operandi* refers to a pattern of criminal behavior so distinct that separate crimes are recognized as the work of the same person. *People v. Colin*, 344 Ill. App. 3d 119, 127 (2003). If other-crimes evidence is offered to establish *modus operandi*, there must be a " 'strong and persuasive showing of similarity[,]' " between the other crime and the crime charged. *People v.*

8

*Phillips*, 127 Ill. 2d 499, 521 (1989) (quoting *People v. Tate*, 87 Ill. 2d 134, 141 (1981)). Other-crimes evidence offered to establish *modus operandi* requires a "higher degree" of factual similarity than other exceptions to the general prohibition against other-crimes evidence. *People v. Wilson*, 214 Ill. 2d 127, 140 (2005). Here, the factual similarities between the two acts are not so striking that no reasonable person would have taken the trial court's position.

¶ 26        Nor can we conclude the trial court's decision to deny admission of the other-crimes evidence for purposes of identification was unreasonable. Admission of other-crimes evidence which bolsters the identification of defendant is proper when identification is at issue. *People v. Bowman*, 227 Ill. App. 3d 607, 613 (1992). The State does not explain how the testimony from the other victims would bolster the identification of defendant here. Defendant was charged after it was discovered his DNA matched the DNA found on the wipe used when changing the victim's diaper. Defendant also admitted to changing the victim's diaper earlier in the day. That is the evidence the State will rely upon in establishing defendant's identity, and the other-crimes evidence at issue would not bolster either of those facts. Instead, it would only encourage the jury to impermissibly convict defendant because " 'he *** is a bad person deserving punishment.' " *People v. Felton*, 2019 IL App (3d) 150595, ¶ 42 (quoting *Donoho*, 204 Ill. 2d at 170).

¶ 27        In sum, we conclude the trial court did not abuse its discretion in denying the State's motion *in limine*.

¶ 28                                III. CONCLUSION

¶ 29        For the reasons stated, we affirm the judgment of the circuit court of Will County.

¶ 30        Affirmed.

9