RALPH H. GOODPASTEUR, Petitioner-Appellant, v. BERNARD ALLEN FRIED *et al.*, Co-trustees of the Reverend Clarence H. Cobbs Testamentary Trust Fund, Respondents-Appellees.

First District (3rd Division)   No. 1—86—3478

Opinion filed April 26, 1989.—Rehearing denied June 21, 1989.

---

*Justice McNamara participated in this opinion prior to his assignment to the sixth division.

492

McNAMARA, J., dissenting.

Garland W. Watt and Phil-Elleana M. Ficklin, both of Watt & Thompson, of Chicago, for appellant.

Bernard Allen Fried, of Chicago, for appellees.

JUSTICE WHITE delivered the opinion of the court:

On May 9, 1986, plaintiff, Ralph H. Goodpasteur, filed an equitable bill of discovery and other relief seeking an order requiring defendants, Bernard Allen Fried, Gladys Holcomb, and Willa Thornton Cornelius Walker, trustees under the last will and testament of the Reverend Clarence H. Cobbs (hereinafter the Will), to provide him with an inventory of the trust fund created under the Will; an accounting showing the receipts and disbursements of the trust fund from 1981 to 1986; and an annual accounting of the trust fund. Subsequently, plaintiff filed a first amended equitable bill of discovery and other relief (hereinafter the Bill of Discovery). Although certain allegations changed in the amended pleading, the prayer for relief remained the same. On November 24, 1986, the circuit court of Cook County granted defendants' motion to dismiss the action. The court found that plaintiff is a contingent beneficiary of the trust fund and is

not "entitled to an accounting unless he alleges that the trustees committed mismanagement, waste, or dissipation of the trust assets." The court ruled that the Bill of Discovery is insufficient in law because plaintiff failed to allege that the trustees dissipated or mismanaged the assets of the trust or committed waste.

On appeal, plaintiff maintains that he is not a contingent but a vested beneficiary of the trust fund[1] and that he is entitled to an inventory of the assets of the trust fund and a formal accounting showing the receipts and disbursements of the trust fund as a matter of law. Alternatively, plaintiff contends that a contingent beneficiary is entitled to an accounting both under the common law and pursuant to section 11 of the Trusts and Trustees Act (Ill. Rev. Stat. 1979, ch. 148, par. 111) (hereinafter the Act). Since we agree with plaintiff that he is entitled to an accounting under the Act, we must reverse the order of the circuit court.

■■ Initially, we address defendants' contention that the circuit court was "without jurisdiction to entertain the Bill" of Discovery. Defendants acknowledge that a bill for discovery is a recognized proceeding. Defendants maintain, however, that a bill of discovery must request some relief in addition to discovery. Defendants then assert that the Bill of Discovery filed by plaintiff seeks "discovery and discovery only." We note that defendants' argument is not a true attack upon the subject matter jurisdiction of the circuit court. Rather, defendants' argument is that the Bill of Discovery filed by plaintiff is defective in that it does not contain a prayer for relief in addition to discovery. We disagree. Plaintiff is seeking an inventory of the assets of the trust and "an annual accounting of the Trust Fund as required by Section 11 of the Trust and Trustees Act," in addition to discovery.

■ We turn now to the merits of the case. Section 11 of the Act provides:

"Accounts. Every trustee at least annually shall furnish to

---

[1]The ninth article of the Will provides:

"Commencing with my death, the income and principal of the Residuary Trust Fund shall be held by the said Trustees hereinafter named, for the use and benefit of the aforementioned Cecil Avinger, Fred Hopkins, Ralph Goodpasteur and Arthur J. Sloan, during their respective lives on such terms as the Trustees, in their sole discretion, shall decide, for the purpose of assisting the above individuals in meeting their living expenses which they may be unable to pay for through their own efforts. Upon the death of any such beneficiary, all benefits under said Residuary Trust Fund shall cease as to the deceased; and upon the death of all of said beneficiaries, the entire Residuary Trust Fund shall pass to the First Church of Deliverance, a religious corporation."

the beneficiaries then entitled to receive or eligible to have the benefit of the income from the trust estate an account showing the receipts, disbursement and inventory of the trust estate." (Ill. Rev. Stat. 1979, ch. 148, par. 111.)

Plaintiff concedes that he is not entitled to receive monies from the trust fund. He argues, however, that he is eligible to have the benefit of the income from the trust and that defendants are required to give him an account of the trust. Black's defines "eligible" as "[f]it and proper to be chosen; qualified to be elected. Capable of serving, legally qualified to serve. Capable of being chosen, as a candidate for office." (Black's Law Dictionary 467 (5th ed. 1979).) Webster's definitions of "eligible" include: "fitted or qualified to be chosen or used: entitled to something;[2] *** worthy to be chosen or selected." (Webster's Third New International Dictionary 736 (1981).) " 'Eligible' thus expresses the idea of potentiality rather than of realization." *Hughes v. Kerfoot* (1953), 175 Kan. 181, 185, 263 P.2d 226, 229; see also *Monroe v. Foreman* (D.C. App. 1988), 540 A.2d 736.

In the present case, the testator named plaintiff as one of four beneficiaries of the trust. The Will provides that the income and principal of the trust are to be held for the benefit of the beneficiaries during their lives. The purpose of the testator was to assist these beneficiaries "in meeting their living expenses which they may be unable to pay for through their own efforts." Thus, it is clear that plaintiff is eligible to have the benefit of income from the trust. Plaintiff is one of the beneficiaries with the potential to receive income from the trust. He may be selected by defendants as a recipient of trust funds.

Defendants assert that plaintiff will not be eligible to have the benefit of income from the trust until such time as plaintiff is unable to pay his living expenses through his own efforts. Defendants thus maintain that the Will contains a condition precedent to eligibility as a member of the class of beneficiaries with the potential to receive income from the trust. We disagree. The Will may contain such a condi-

---

[2]We cannot accept the definition of "eligible" as "entitled to something" in the context of this case. Section 11 of the Act differentiates between beneficiaries who are entitled to receive income from a trust and those who are eligible to have the benefit of income from a trust. Were we to adopt the definition of "eligible" as "entitled to something," we would, in effect, declare that a portion of section 11 is superfluous. We are not at liberty to do so. See *King v. Internal Revenue Service* (7th Cir. 1982), 688 F.2d 488 (a statute should not be construed in a way that renders portions or phrases superfluous); *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 487 N.E.2d 937 (statutes should, if possible, be construed so that no term is rendered superfluous or meaningless).

tion precedent for entitlement to income from the trust, but not for eligibility to have the benefit of income from the trust.

■■ Next, defendants argue that plaintiff should not be allowed to maintain this action because plaintiff's interest in the trust fund is a mere expectancy. Defendants aver that "there is an ultimate beneficiary [the First Church of Deliverance] here who has obviously the right to come in and say what's going on with the estate or we don't want the estate dissipated. They are the people who are really concerned here if there is a concern." Defendants' argument is untenable. Plaintiff is a named beneficiary of the trust. The Will provides that "the income and principal of the Residuary Trust Fund shall be held *** for the use and benefit" of plaintiff and three other beneficiaries. The Will then provides that "upon the death of all said beneficiaries, the entire Residuary Trust Fund shall pass to the First Church of Deliverance." It is conceivable that, at the death of the beneficiaries in plaintiff's class, no income or principal will be left to distribute to the First Church of Deliverance. It is incongruous to argue that plaintiff should not be allowed to maintain this action because the First Church of Deliverance, which will enjoy the benefits of the trust only if funds are left at the death of plaintiff and beneficiaries in his class, is the party "really concerned." Such a statement implies that defendants have already decided not to make any payments to plaintiff and the beneficiaries in his class.

We are of the opinion that plaintiff is a beneficiary eligible to have the benefit of income under the trust. As such, plaintiff is entitled to an account showing the receipts, disbursements and inventory of the trust estate pursuant to section 11 of the Trusts and Trustees Act. Accordingly, we reverse the order of the circuit court of Cook County dismissing plaintiff's Bill of Discovery and we remand for proceedings consistent with this opinion.

Reversed and remanded.

RIZZI, J., concurs.

JUSTICE McNAMARA,* dissenting:
I respectfully dissent from the majority holding that plaintiff is eligible to have the benefit of income and thus entitled to an accounting. I would affirm the trial court's dismissal of plaintiff's bill of dis-

---

*Justice McNamara participated in this opinion prior to his assignment to the sixth division.

covery on the basis that plaintiff does not fall within the classes of beneficiaries who may demand an accounting, either under the statute or common law.

The trust at issue includes a direction that the trustees pay the income and principal as is necessary for the support of the beneficiaries. This is known as a support trust. The trust also directs that the trustees distribute funds only as they shall determine in their sole discretion. This is known as a discretionary trust. Plaintiff incorrectly argues that he has a vested interest in the trust fund. On the contrary, in such a discretionary trust, the beneficiary holds no vested interest until the trustees decide to make a payment to the beneficiary. The trustees have complete discretion to distribute the trust funds or to totally exclude the beneficiaries. See generally G. Bogert, The Law of Trusts & Trustees §§228, 229 (2d ed. 1979).

Until the trustees exercise their discretion to make a payment to plaintiff, he has no interest in the trust, its administration or its assets. Plaintiff has nothing more than a mere expectancy. (See G. Bogert, The Law of Trusts & Trustees §228, at 512-13 (2d ed. 1979).) Plaintiff's rights are conditioned upon both his inability to pay his living expenses through his own efforts, and upon the exercise of the trustees' discretion. Plaintiff, therefore, is not presently "eligible" to receive the trust income because he has not alleged that he is unable to pay his living expenses. Because distribution of the funds depends on the trustees' discretion and plaintiff's need for living expenses, he may never become eligible to receive the funds. I would conclude that plaintiff does not fall within either of the statutory classes of beneficiaries who may demand an accounting. (See Ill. Rev. Stat. 1985, ch. 17, par. 1681.) The majority's reliance on Webster's definitions of "eligible" does not convince me otherwise.

The majority stumbles over the distinction between "eligible" and "entitled." Quite simply, plaintiff is eligible to receive benefits when he is unable to meet his living expenses. Plaintiff is entitled to receive benefits when the trustees exercise their discretion and determine plaintiff should receive the benefits. Payment, if any, shall be "on such terms as the Trustees, in their sole discretion, shall decide, for the purpose of assisting the above individuals in meeting their living expenses which they may be unable to pay for through their own efforts."

Significantly, the amount of payment needed to achieve the purpose, time of payment, type of "assisting" required, determination regarding any inability to pay for living expenses, determination regarding necessity of claimed expenses, and determination of "their own

efforts" required of beneficiaries are all factors which help comprise the "sole discretion" to be exercised by the trustees before determining whether a beneficiary who is "eligible" (*i.e.*, alleging inability to pay for living expenses) is "entitled" to any benefits. See generally G. Bogert, The Law of Trusts & Trustees §§228, 229 (2d ed. 1979).

Nor does the common law provide plaintiff with any right to an accounting. Under the common law, a contingent remainderman has the right to bring an action against trustees, but the scope of that right is limited to what is necessary to protect his possible eventual interests. The accounting should be afforded only where waste, mismanagement or dissipation of assets can be shown. (*Barnhart v. Barnhart* (1953), 415 Ill. 303, 114 N.E.2d 378; see also *Baum v. Continental Illinois National Bank & Trust Co.* (7th Cir. 1956), 230 F.2d 377, 384, citing 90 C.J.S. *Trusts* §379, at 686 (1955).) Thus, even if plaintiff possesses the interest of a contingent remainderman, and not just a mere expectancy, the cause was properly dismissed because it contained no allegations of waste, mismanagement or dissipation of assets. I would find that the trial court properly dismissed the action.