# ILLINOIS OFFICIAL REPORTS

*Sanders v. Stasi*, 2011 IL App (4th) 100750

| | |
|---|---|
| Appellate Court Caption | LISA A. SANDERS, Plaintiff-Appellant, v. CAROL K. STASI, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-10-0750 |
| Argued | April 27, 2011 |
| Filed | July 12, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court erred in dismissing plaintiff's action seeking an accounting and inventory of a testamentary trust and the removal of defendant as the trustee, since the Trusts and Trustees Act requires that an annual accounting be furnished to beneficiaries entitled to receive or receiving income, or if none, to beneficiaries eligible to have the benefits of the income, and although plaintiff was not receiving income from the trust at the time she filed suit, she was to receive a share of any income generated in excess of the enumerated distributions and she would be unable to enforce her entitlement if she did not receive an accounting, and, therefore, she was entitled to an accounting under section 11(a) of the Act. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 10-CH-253; the Hon. Michael Q. Jones, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Brett A. Kepley (argued), of Rawles, O'Byrne, Stanko, Kepley & Jefferson, P.C., of Champaign, for appellant.

Michael J. Tague (argued), of Flynn, Palmer & Tague, of Champaign, for appellee. |

Panel

PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.

Justices Pope and Cook concurred in the judgment and opinion.

**OPINION**

¶ 1    In June 2010, plaintiff, Lisa A. Sanders, filed a two-count complaint against defendant, Carol K. Stasi, seeking (1) an accounting of the receipts, disbursements, and inventory of a testamentary trust and (2) the removal of defendant as trustee of that trust. In August 2010, the trial court granted defendant's motion for summary judgment, dismissing plaintiff's complaint with prejudice. Plaintiff appeals, arguing she is entitled to the requested accounting under section 11(a) of the Trusts and Trustees Act (Act) (760 ILCS 5/11(a) (West 2008)) and asserting summary judgment is inappropriate. Defendant responds plaintiff is not entitled to such an accounting. We reverse and remand.

¶ 2                                I. BACKGROUND

¶ 3    In 2000, defendant's husband, Otto Stasi, died testate. A trust was created pursuant to his will. With respect to the trust, the will provided for three regular enumerated distributions of trust income. Namely, these payments were (1) $150 per week to defendant as trustee's fees; (2) $100 per month to Ruth Barnes "for so long as she is living"; and (3) the utilities, insurance, and taxes incurred by defendant in connection with her personal residence. Any further income was to be distributed, in relevant part, as follows:

> "Any excess income not paid in satisfaction of [the enumerated disbursements] shall be distributed not less often than annually, one fourth to Ruth Barnes for so long as she is living; one fourth to Carol Stasi [(defendant)]; and one eighth each to Lisa Sanders [(plaintiff)], Jodie Stasi, Jamie Stasi, and James Stasi."

¶ 4    Defendant was named trustee, and the trust's corpus consisted of any of Otto Stasi's property not specifically bequeathed elsewhere in the will and, especially, certain commercial property and the income from that property.

¶ 5    In June 2010, plaintiff filed her two-count complaint. In count I, plaintiff alleged she was entitled to an accounting of the trust's receipts, disbursements, and inventory under section

11(a) of the Act (760 ILCS 5/11(a) (West 2008)). Count I alleged defendant had not provided plaintiff with such an accounting or any payments of the "excess income" from the trust. Accordingly, plaintiff sought the accounting to which she claimed she was entitled.

¶ 6 Plaintiff's allegations in count II were substantially the same as in count I. Plaintiff further alleged defendant's failure to provide plaintiff with annual accountings constituted a breach of her fiduciary duty. Plaintiff asked the trial court to remove defendant as trustee.

¶ 7 In July 2010, defendant filed a motion for summary judgment (see 735 ILCS 5/2-1005 (West 2008)) on both counts of the complaint. Defendant's motion stated (1) the trust did not earn income in excess of the disbursements enumerated in Otto Stasi's will as demonstrated by defendant's affidavit and other materials accompanying the motion and (2) such excess income was a prerequisite of plaintiff's entitlement to annual accountings. Defendant's motion was accompanied by defendant's affidavit, to which the trust's tax returns were attached. In her affidavit, defendant averred, in relevant part, (1) defendant had never paid herself more than she was entitled to receive under Otto Stasi's will and (2) the attached tax returns reflected all revenue and expenses of the trust.

¶ 8 In August 2010, the trial court granted defendant's motion for summary judgment. The court determined (1) under the relevant statute and will provisions, plaintiff was entitled to an accounting only if the trust generated income exceeding the amount of the required disbursements and (2) defendant's affidavit and the attached tax returns demonstrated there was no genuine issue of material fact with respect to whether the trust had excess income. Since there was no excess income, the court concluded plaintiff was not entitled to an accounting and defendant was entitled to summary judgment on both counts of the complaint.

¶ 9 This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11 On appeal, plaintiff argues the trial court erred by granting defendant's motion for summary judgment and dismissing her complaint with prejudice. Specifically, plaintiff maintains she is entitled to an accounting of the trust's income, expenditures, and assets under section 11(a) of the Act (760 ILCS 5/11(a) (West 2008)). Defendant responds plaintiff is not entitled to an accounting because she is not entitled to any distributions from the trust. We agree with plaintiff.

¶ 12                         A. Summary Judgment and the Standard of Review

¶ 13 Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits of record, when viewed in the light most favorable to the nonmoving party, show (1) there is no genuine issue of material fact and (2) the moving party is entitled to a judgment as a matter of law. *Kajima Construction Services, Inc. v. St. Paul Fire & Marine Insurance Co.*, 227 Ill. 2d 102, 106, 879 N.E.2d 305, 308 (2007); see 735 ILCS 5/2-1005(c) (West 2008).

¶ 14 "The burden of proof and the initial burden of production in a motion for summary

-3-

judgment lie with the movant. [Citation.] Where the facts could lead a fair-minded person to draw more than one conclusion or inference, summary judgment must be denied." (Internal quotation marks omitted.) *Evans v. Brown*, 399 Ill. App. 3d 238, 243, 925 N.E.2d 1265, 1271 (2010). If the defendant raises an affirmative defense and establishes his factual position with supporting documents, the plaintiff must present a factual basis arguably entitling him to a judgment. *Id*. at 244, 925 N.E.2d at 1271. However, the plaintiff is not required to prove his case at the summary-judgment stage. *Id*.

¶ 15        We review a trial court's ruling on a motion for summary judgment *de novo*. *Id.*

¶ 16                              B. Principles of Statutory Construction

¶ 17        The parties dispute whether plaintiff is entitled to an accounting under section 11(a) of the Act (760 ILCS 5/11(a) (West 2008)). Our primary aim in interpreting a statute is "to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning." *People v. Dabbs*, 239 Ill. 2d 277, 287, 940 N.E.2d 1088, 1095 (2010). This requires us to "consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it." *Id*. "Where the language of the statute is clear and unambiguous, we must apply it as written, without resort to extrinsic aids to statutory construction." *Id*. One indicator of the plain meaning of a word used in a statute is its dictionary definition. See *id*. at 288, 940 N.E.2d at 1095 ("In determining the plain meaning of a statutory term, it is entirely appropriate to look to the dictionary for a definition." (Internal quotation marks omitted.)).

¶ 18                              C. Section 11(a) of the Act

¶ 19        Section 11(a) of the Act requires a trustee to provide an annual accounting to certain beneficiaries. Specifically, it provides, in relevant part:

>     "(a) Every trustee at least annually shall furnish to the beneficiaries then entitled to receive or receiving the income from the trust estate, or if none, then those beneficiaries eligible to have the benefit of the income from the trust estate a current account showing the receipts, disbursements and inventory of the trust estate." 760 ILCS 5/11(a) (West 2008).

Under this provision, the analysis of when and whether a trust beneficiary is entitled to an accounting is driven by the initial inquiry whether any beneficiary is currently entitled to receive or is currently receiving trust income. A trustee must report to all beneficiaries who are entitled to receive or are receiving income. However, if no beneficiaries are entitled to receive or are receiving income, a trustee must report to any beneficiaries who are "eligible to have the benefit of the income from the trust estate." *Id*.

¶ 20                              D. Whether Plaintiff Is Entitled to an Accounting

¶ 21        In this case, plaintiff claims she is entitled to an accounting under section 11(a) of the Act. The parties both assert the determinative question is whether plaintiff was "then entitled

to receive *** the income from the trust estate" within the meaning of the statute when she filed her complaint. We agree with the parties on this point.

¶ 22     The first step of the inquiry is determining whether any beneficiary is entitled to receive or is receiving trust income. A "beneficiary" is defined as (1) a "person for whose benefit property is held in trust; esp., one designated to benefit from an appointment, disposition, or assignment ***, or to receive something as a result of a legal arrangement or instrument"; or (2) a "person to whom another is in a fiduciary relation, whether the relation is one of agency, guardianship, or trust." Black's Law Dictionary 165 (8th ed. 2004).

¶ 23     When plaintiff filed her lawsuit, defendant was a beneficiary who was then receiving trust income. Otto Stasi's will provided one-fourth of any trust income would be distributed to defendant; in other words, the trust property was held, in part, for defendant's benefit. Defendant was therefore a beneficiary of the trust. The parties agree defendant has been receiving trust income in the form of trustee fees and payments for utilities, insurance, and taxes on her personal residence since the trust's inception.

¶ 24     Since at least one beneficiary was receiving income from the trust estate when plaintiff sued defendant, the second step of the inquiry is determining whether plaintiff was entitled to receive or was receiving trust income when she filed suit. The parties both assert, and the pleadings confirm, plaintiff was not receiving trust income. Accordingly, we agree with the parties the determinative question is whether plaintiff was "entitled to receive *** the income from the trust estate" within the meaning of the statute.

¶ 25     Dictionaries do not specifically define "entitled." However, "entitle" is defined, relevantly, as "[t]o grant a legal right to or qualify for." Black's Law Dictionary 573 (8th ed. 2004). Further, "entitlement" is defined as "[a]n absolute right to a (usu. monetary) benefit[ ] *** granted immediately upon meeting a legal requirement." *Id*. These definitions are germane insofar as "entitled" is the past, passive participle of "entitle" and may plainly be interpreted as meaning "having an entitlement."

¶ 26     Our interpretation of "entitled" within this particular statutory context is informed by *Goodpasteur v. Fried*, 183 Ill. App. 3d 491, 539 N.E.2d 207 (1989). In that case, a testamentary trust provided its income would be distributed at the discretion of the trustees to the plaintiff and three other named beneficiaries " 'for the purpose of assisting [them] in meeting their living expenses which they may be unable to pay for through their own efforts.' " *Id*. at 493 n.1, 539 N.E.2d at 208 n.1. The plaintiff claimed he was entitled to an accounting under an earlier version of section 11(a) of the Act as he was "eligible to have the benefit of the income from the trust." *Id*. at 494, 539 N.E.2d at 209.

¶ 27     At that time, the relevant statute provided, "Every trustee at least annually shall furnish to the beneficiaries then entitled to receive or eligible to have the benefit of the income from the trust estate an account showing the receipts, disbursements and inventory of the trust estate." Ill. Rev. Stat. 1979, ch. 148, ¶ 111. The plaintiff conceded he was not "entitled to receive" trust income. *Goodpasteur*, 183 Ill. App. 3d at 494, 539 N.E.2d at 209. The appellate court construed "eligible" within the meaning of the statute by contradistinguishing it from "entitled." The court initially stated, with respect to a definition from Webster's:

          "We cannot accept the definition of 'eligible' as 'entitled to something' in the

-5-

context of this case. Section 11 of the Act differentiates between beneficiaries who are entitled to receive income from a trust and those who are eligible to have the benefit of income from a trust. Were we to adopt the definition of 'eligible' as 'entitled to something,' we would, in effect, declare that a portion of section 11 is superfluous." *Id.* at 494 n.2, 539 N.E.2d at 209 n.2.

The court differentiated the terms, concluding, " 'Eligible' *** expresses the idea of potentiality rather than of realization." (Internal quotation marks omitted.) *Id.* at 494, 539 N.E.2d at 209. Based on this understanding of "eligible," the court held the plaintiff was entitled to an accounting. It stated, "[I]t is clear that plaintiff is eligible to have the benefit of income from the trust. Plaintiff is one of the beneficiaries with the potential to receive income from the trust. He may be selected by [the trustees] as a recipient of trust funds." *Id.*

¶ 28　　In this case, we conclude plaintiff was "entitled to receive" income from the trust within the meaning of the statute. Under Otto Stasi's will, plaintiff is to receive a share of any income generated in excess of the enumerated distributions. Her entitlement to this income is not predicated upon any event and is not a mere potentiality.

¶ 29　　The trustee has a duty to be transparent in the performance of her duties. See *Wallace v. Malooly*, 4 Ill. 2d 86, 95, 122 N.E.2d 275, 280 (1954) (" '[T]he beneficiary is always entitled to such information as is reasonably necessary to enable him to enforce his rights under the trust or to prevent or redress a breach of trust.' " (quoting Restatement of Trusts § 173 cmt. c (1935))); see also *State v. Taylor*, 362 P.2d 247, 251 (Wash. 1961) (" 'If the cestui is to be able to hold the trustee to proper standards of care and honesty and procure for himself the benefits to which the trust instrument and the doctrines of equity entitle him, *he must know of what the trust property consists and how it is being managed*.' " (Emphasis in original.) (quoting George Gleason Bogert, Bogert Trusts & Trustees § 961, at 2 (2d ed. 1948))). Here, plaintiff is unable to enforce her entitlement if she does not receive an accounting of the trust's receipts, disbursements, and holdings. We interpret section 11(a) of the Act to entitle her to such an accounting.

¶ 30　　Plaintiff is entitled to an accounting, and defendant is unable to carry her burden on summary judgment to establish she is entitled to a judgment as a matter of law. Summary judgment is inappropriate and the trial court's judgment must be reversed.

¶ 31　　　　　　　　　　　　　　　III. CONCLUSION

¶ 32　　We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

¶ 33　　Reversed and remanded.