Docket No. 109698.

IN THE

SUPREME COURT

OF

THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
GREGORY DABBS, Appellant.

*Opinion filed November 18, 2010.*

JUSTICE GARMAN delivered the judgment of the court, with
opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Karmeier,
Burke, and Theis concurred in the judgment and opinion.

**OPINION**

After a jury trial in the circuit court of Tazewell County, defendant
Gregory Dabbs was convicted of domestic battery (720 ILCS
5/12–3.2(a)(1) (West 2006)) against his girlfriend. At trial, his ex-wife
was permitted to testify pursuant to section 115–7.4 of the Code of
Criminal Procedure of 1963 (Code) (725 ILCS 5/115–7.4 (West
2008)) that he had physically abused her. Defendant argued on appeal
that section 115–7.4 of the Code is unconstitutional. His conviction
was affirmed, with one justice dissenting. 396 Ill. App. 3d 622. We
granted leave to appeal pursuant to Supreme Court Rule 315 (210 Ill.
2d R. 315). We affirm.

## BACKGROUND

Amy DeWeese went to the police station on April 28, 2008, to report that she had been battered by defendant, who was then her boyfriend. The police officer who interviewed her testified that DeWeese reported defendant had battered and threatened to kill her several days earlier. She had not reported the incident sooner because he would not allow her to leave the house. The officer testified that she appeared "distraught, quite shaken up and nervous" and that she had a black eye and bruises on her arms.

The officer further testified that when he went to defendant's home, defendant admitted having an "argument" with DeWeese and stated that she became "hysterical," requiring him to restrain her, which caused bruises on her arms. Defendant was arrested and charged with domestic battery and unlawful restraint.

Prior to trial, the State moved to admit evidence of a prior incident of domestic violence committed by defendant against his ex-wife, Katie Bailey, as permitted by section 115–7.4 of the Code. After a hearing, the trial court allowed the motion.

Defendant also filed a pretrial motion, seeking to bar DeWeese's testimony at trial on the basis that she suffered from a mental illness that rendered her incompetent to testify. The trial court ruled that DeWeese was competent to testify, but that she could be cross-examined regarding her mental illness.

At trial, DeWeese testified that she had moved in with defendant in February 2008, after having dated him for about three years. She acknowledged that she had been diagnosed with delusional disorder, bipolar disorder, and borderline personality disorder. She stated that her mental illness did not interfere with her ability to testify truthfully.

DeWeese testified that after she and defendant returned home after a trip to the video store on Saturday, April 26, 2008, she went to bed while he stayed up and drank beer. She estimated that he consumed an entire case of beer. After midnight, she was awakened by defendant sitting on her chest, with his knees pinning down her arms. He shouted at her and called her names and said that he wanted to kill her. He began to calm down and went to the kitchen to get her some water. When he returned, he became angry again and poured the water in her face. Then he dragged her by the hair into the bathroom, where he

-2-

pushed her head into the toilet, hitting her head on the rim of the bowl. He told her he wanted to teach her a lesson. Eventually, he calmed down, and they talked.

On Sunday, DeWeese and defendant went to breakfast and then remained home together until that evening, when she went to her ex-husband's house to visit her children. She returned to the home she shared with defendant. On Monday, she went to work and to school before she went to the police station.

Katie Bailey testified that she had previously been married to defendant. Before their marriage, he once got very drunk and struck her repeatedly with a belt. She got away from him and drove to the police station. Defendant was arrested.

Defendant testified that he was "really drunk" when he repeatedly struck Bailey with a belt. With regard to the attack on DeWeese, he explained that she was mentally ill and frequently talked to people who were not there. She believed that her doctors had implanted a device in her brain and that they wanted to kill her. Defendant described her as "delusional."

As for the events of April 26-27, defendant described returning from the video store and DeWeese's going to bed while he watched television and drank about six beers. The next morning, they went out for breakfast and came home. According to defendant, DeWeese returned from her visit to her ex-husband's house in tears, claiming that her ex-husband had hit her. She went directly to bed. The next day, defendant went to work as usual. When the officer came to question him, he admitted that he and DeWeese had argued about money on Saturday night. He denied telling the officer that he had restrained DeWeese to calm her.

The jury found defendant guilty of domestic battery and the trial court sentenced him to three years in prison.

On appeal, defendant argued that section 115–7.4 of the Code is unconstitutional in that it violates the equal protection and due process guarantees of the United States and Illinois Constitutions. The appellate court relied on our decision in *People v. Donoho*, 204 Ill. 2d 159, 177 (2003) (finding section 115–7.3 of the Code constitutional) to conclude that section 115–7.4 is constitutional. 396 Ill. App. 3d 622.

ANALYSIS

As a common law rule of evidence in Illinois, it is well settled that evidence of other crimes is admissible if relevant for any purpose other than to show a defendant's propensity to commit crimes. *People v. Wilson*, 214 Ill. 2d 127, 135-36 (2005). Such purposes include but are not limited to: motive (*People v. Moss*, 205 Ill. 2d 139, 156 (2001) (evidence that defendant previously sexually assaulted child properly admitted to show his motive for murder of child and her mother)), intent (*Wilson*, 214 Ill. 2d at 141 (evidence that teacher previously touched other students in similar manner properly admitted to show intent in prosecution for aggravated criminal sexual abuse of students)), identity (*People v. Robinson*, 167 Ill. 2d 53, 65 (1995) (evidence that defendant previously attacked other similar victims in similar manner properly admitted under theory of *modus operandi* to show identity of perpetrator in prosecution for armed robbery and armed violence)), and accident or absence of mistake (*Wilson*, 214 Ill. 2d at 141 (evidence that teacher previously touched other students in similar manner properly admitted to show lack of mistake in prosecution for aggravated criminal sexual abuse of students)).[1]

Even if offered for a permissible purpose, such evidence will not be admitted if its prejudicial effect substantially outweighs its

---

[1]This common law rule has been codified in the Federal Rules of Evidence as Rule 404(b), which states, in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ***." Fed. R. Evid. 404(b).

This court has recently codified the law of evidence in Illinois. Effective January 1, 2011, the common law propensity rule will be replaced by Illinois Rule of Evidence 404(b), which states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith except as provided by sections 115–7.3, 115–7.4, and 115–20 of the Code of Criminal Procedure [citations]. Such evidence may also be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ill. R. Evid. 404(b) (eff. Jan. 1, 2011).

probative value. *Moss*, 205 Ill. 2d at 156. The admissibility of other-crimes evidence is within the sound discretion of the trial court, and its decision on the matter will not be disturbed absent a clear abuse of that discretion. *Wilson*, 214 Ill. 2d at 136.

The rationale for this rule is not that a defendant's bad character, as evinced by other bad acts, is irrelevant when he is charged with a crime. Rather, the rule is grounded in the concern that such evidence proves too much. *People v. Donoho*, 204 Ill. 2d 159, 170 (2003). As a matter of jurisprudential policy, the rule expresses the concern that while "evidence of bad character would not be irrelevant, *** particularly in the setting of the jury trial, the dangers of prejudice, confusion and time-consumption outweigh the probative value." K. Broun, McCormick on Evidence §190, at 752-53 (6th ed. 2006).

The common law rule has been abrogated in part by the statute challenged by defendant. Section 115–7.4 of the Code, titled "Evidence in domestic violence cases," provides:

> "(a) In a criminal prosecution in which the defendant is accused of an offense of domestic violence as defined in paragraphs (1) and (3) of Section 103 of the Illinois Domestic Violence Act of 1986, evidence of the defendant's commission of another offense or offenses of domestic violence is admissible, and may be considered for its bearing on any matter to which it is relevant.
>
> (b) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:
>
> > (1) the proximity in time to the charged or predicate offense;
> >
> > (2) the degree of factual similarity to the charged or predicate offense; or
> >
> > (3) other relevant facts and circumstances.
>
> (c) In a criminal case in which the prosecution intends to offer evidence under this Section, it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial, or during trial if the court excuses pretrial notice on good cause shown.
>
> (d) In a criminal case in which evidence is offered under

this Section, proof may be made by specific instances of conduct, testimony as to reputation, or testimony in the form of an expert opinion, except that the prosecution may offer reputation testimony only after the opposing party has offered that testimony." 725 ILCS 5/115–7.4 (West Supp. 2007).

The statute was enacted in 2007 and went into effect on August 23 of that year. Pub. Act 95–360, §5, eff. August 23, 2007.

This enactment followed the legislature's enactment of section 115–7.3 of the Code, titled "Evidence in certain cases," which created a similar exception to the common law propensity rule. When a defendant is charged with certain crimes involving sexual assault or abuse, this statute allows the admission of evidence of previous offenses of the same type. In pertinent part, section 115–7.3 provides:

"(b) If the defendant is accused of an offense set forth in paragraph (1) or (2) of subsection (a) or the defendant is tried or retried for any of the offenses set forth in paragraph (3) of subsection (a), evidence of the defendant's commission of another offense or offenses set forth in paragraph (1), (2), or (3) of subsection (a), or evidence to rebut that proof or an inference from that proof, may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant.

(c) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances." 725 ILCS 5/115–7.3 (West 2008).

This section was enacted in 1997 and went into effect on January 1, 1998. Pub. Act 90–132, §5, eff. January 1, 1998. It has subsequently been amended twice. Pub. Act 90–735, §10, eff. August 11, 1998; Pub. Act 95–892, §5, eff. January 1, 2009. The language quoted above was in effect when this court held in *Donoho* that section 115–7.3 does not violate the constitutional guarantee of equal

protection. *Donoho*, 204 Ill. 2d at 178.

Before this court, defendant argues that section 115–7.4 of the Code is unconstitutional and that it "provides a second-class trial and alters the judicial system from one of a confrontation between advocates over the elements charged into a one-sided investigation into the character of the accused."

## Statutory Interpretation

Defendant argues that application of section 115–7.4 results in a "second-class trial" because it does not require the trial court to determine whether other-crimes evidence offered by the State is relevant or to balance the probative value of the evidence against the prejudicial effect to the defendant. Because the statute says that "evidence of the defendant's commission of another offense or offenses of domestic violence is admissible" (725 ILCS 5/115–7.4(a) (West 2008)) in certain cases, defendant asserts that the statute "mandates the admission of propensity evidence, regardless of whether it is relevant." He notes that this language is different from that used in section 115–7.3, which says that the other-crimes evidence "may be admissible (if that evidence is otherwise admissible under the rules of evidence)." 725 ILCS 5/115–7.3(b) (West 2008).

The principles guiding our analysis of a question of statutory interpretation are well established. Our primary objective is to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). In determining the plain meaning of statutory terms, we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it. *People v. Davis*, 199 Ill. 2d 130, 135 (2002). Where the language of the statute is clear and unambiguous, we must apply it as written, without resort to extrinsic aids to statutory construction. *People v. Collins*, 214 Ill. 2d 206, 214 (2005).

Defendant argues that the phrase "is admissible" means that other-crimes evidence must be admitted if proffered by the State in a domestic violence prosecution. He focuses on the word "is" and argues that it means "shall" or "must" as opposed to "may," but fails

to consider the meaning of the entire phrase "is admissible."

The word "admissible" is not defined in the statute. In common usage, the suffix "-able" means capable or permissible. Thus, some beverage containers are returnable and some are nonreturnable. To say that a glass milk bottle "is returnable" is not to say that it must be returned to the store, but only that it may be returned.

The word is used with sufficient frequency in legal writing that it is defined in the law dictionary. "In determining the plain meaning of a statutory term, it is entirely appropriate to look to the dictionary for a definition." *People v. Perry*, 224 Ill. 2d 312, 330 (2007). "Admissible" is defined as "[a]llowable; permissible." Indeed, the example that is given is "admissible evidence." Black's Law Dictionary 48 (7th ed. 1999).

Thus, the phrase "is admissible" in section 115–7.4 is unambiguous. In the context of the statute, it means that notwithstanding the common law propensity rule, proffered evidence of another similar crime may be admitted.

Defendant also argues that the statute makes such evidence admissible without regard to its relevance or to the balance of probative value and risk of undue prejudice. He is mistaken.

By enacting section 115–7.4 of the Code, the legislature has abrogated, in part, a long-standing common law rule of evidence. It is well established that a statute that represents a departure from the common law should be narrowly construed in favor of those against whom it is directed. *Harris v. Walker*, 119 Ill. 2d 542, 547 (1988). Thus, we must construe the statute in a manner that preserves for defendant, as much as is possible consistent with the legislative purpose, all of the protections that otherwise exist in our rules of evidence.

Some rules of evidence permit the admission of a type of evidence if certain conditions are met, such as the rule allowing admission of evidence of habit or routine practice or the rule governing the taking of judicial notice. These can be described as positive rules because they allow evidence to come in.

Other rules bar the admission of a certain type of evidence. Such rules, such as the hearsay rule or the rule barring evidence of plea discussions, can be described as negative rules because they keep

evidence out. These negative rules may have exceptions, such as the hearsay exception for dying declarations. These exceptions function as positive rules, because they overcome the effect of a negative rule and allow the item of evidence to be admitted.

Further, a single evidentiary issue may be subject to more than one rule. Thus, while a positive rule may allow a certain type of evidence, a negative rule may prohibit its admission. For example, an exception to the hearsay rule may permit the admission of evidence contained in a particular type of document, such as a business record, but if the document is not properly authenticated as required by another rule, the evidence will not be allowed. In this way, the rules of evidence function as a unified scheme, rather than individually.

The propensity rule is a negative rule, which prohibits use of evidence of a defendant's prior bad acts to show his propensity to commit crime. Exceptions to the rule allow the use of such evidence for a limited purpose, such as to show motive, identity, or lack of mistake. Even when allowed by an exception, other-crimes evidence may be excluded by the operation of another rule. Three examples come to mind.

First, the evidence may be excluded because it is irrelevant. Relevance is a threshold requirement that must be met by every item of evidence. "All relevant evidence is admissible, except as otherwise provided by law. Evidence which is not relevant is not admissible." Ill. R. Evid. 402 (eff. Jan. 1, 2011). Although recently codified, this rule has always been a part of our common law rules of evidence.

Second, the other-crimes evidence may be excluded because the risk of undue prejudice outweighs its probative value. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ill. R. Evid. 403 (eff. Jan. 1, 2011). Again, while this codified version of the rules is of recent origin, the need to balance probative value and the risk of unfair prejudice has long been a part of our common law.

Third, the evidence may be excluded because it is offered in the form of a hearsay statement that does not meet a recognized exception

to the hearsay rule. "Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Supreme Court, or by statute as provided in Rule 101." Ill. R. Evid. 802 (eff. Jan. 1, 2011).

Given the unified scheme of the rules of evidence, the threshold requirement of relevance would apply to the admission of evidence pursuant to section 115–7.4 even if the legislature had not specifically mentioned this requirement. However, the legislature was apparently aware of the relevance requirement when it enacted section 115–7.4 because it specifically provided that the other-crimes evidence "may be considered for its bearing on any matter to which it is relevant." 725 ILCS 5/115–7.4(a) (West 2008). Clearly, such evidence is not admissible under the statute if it is not relevant to an issue in the case.

Further, the legislature was also aware of the need to balance probative value with the risk of undue prejudice when an objection is raised to the admission of a other-crimes evidence. The statute does not abrogate this rule or the rule that the decision regarding admission of evidence is within the sound discretion of the trial court. Indeed, the statute lists three factors to be considered "[i]n weighing the probative value of the evidence against undue prejudice to the defendant" (725 ILCS 5/115–7.4 (West 2008)), in addition to any other factors the court might ordinarily consider.

We hold, therefore, that the plain meaning of section 115–7.4 of the Code is that evidence of a defendant's commission of other acts of domestic violence may be admitted in a prosecution for one of the offenses enumerated in the statute, so long as the evidence is relevant and its probative value is not substantially outweighed by the risk of undue prejudice.

Constitutional Challenge

We begin by noting that statutes carry a strong presumption of constitutionality and that a party challenging the constitutionality of a statute has the burden of rebutting that presumption. *People v. Cornelius*, 213 Ill. 2d 178, 189 (2004). To rebut the presumption, the challenging party must clearly establish a constitutional violation. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 200 (2009). In addition, this court has a duty to uphold the constitutionality of a statute if it is reasonably possible to do so. *People v. Dinelli*, 217 Ill.

2d 387, 397 (2005). Accordingly, we will resolve any doubt as to the construction of a statute in favor of its validity. *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 307 (2008). Whether a statute is constitutional is a question of law, which we review *de novo*. *People v. Guevara*, 216 Ill. 2d 533, 541 (2005).

Defendant urges this court to examine our nation's history, legal traditions, and practices to conclude that the long-standing rule limiting the use of propensity evidence is of constitutional magnitude. He argues further that the use of propensity evidence undermines the presumption of innocence as well as statutes of limitation and the double jeopardy protection of the fifth amendment. He compares the use of propensity evidence in a domestic violence trial to subjecting the defendant to trial on a "stale claim," and argues that he was forced to defend against a collateral matter.

At oral argument, defense counsel argued that all propensity evidence is unconstitutional unless its use is confined to one of the recognized permissible purposes. She predicted the extension of such statutory exceptions as those in sections 115–7.3 and 115–7.4 of the Code to cases involving drug possession, driving under the influence, and other charges and urged this court to stop the expansion of this trend to abrogate "a most ancient and revered rule."

As we have noted previously, the propensity rule is of common law origin. It is not of constitutional magnitude. *Donoho*, 204 Ill. 2d at 180, 182. Despite its long history as a part of Anglo-American common law and the fact that it may be consistent with certain fundamental constitutional values such as the presumption of innocence, defendant can cite no case holding that the admission of propensity evidence for the purpose of showing propensity violates due process.

In addition, he fails to identify the applicable constitutional standard of review. Where, as here, a statute does not affect a fundamental constitutional right, the test for determining whether it complies with substantive due process is the rational basis test. *People v. Williams*, 235 Ill. 2d 178, 205 (2009). A statute will be upheld under the rational basis test so long as it bears a rational relationship to a legitimate legislative purpose, and it is neither arbitrary nor unreasonable. *Napleton*, 229 Ill. 2d at 307.

In *Donoho*, we noted that the legislative history of section 115–7.3 revealed an intent to "use other-crimes evidence to protect society against sex offenders who have a propensity to repeat their crimes." *Donoho*, 204 Ill. 2d at 174. The legitimate purpose served by the statute was to respond to the problem of "recidivism by sex offenders." *Donoho*, 204 Ill. 2d at 174. We concluded that the statute met the rational basis test under equal protection analysis "because it also promotes effective prosecution of sex offenses and strengthens evidence in sexual abuse cases." *Donoho*, 204 Ill. 2d at 178. Thus, we held that the classification created by section 115–7.3, treating accused sex offenders differently from other defendants, bore a rational relationship to a legitimate legislative purpose. *Donoho*, 204 Ill. 2d at 178.

When a statute is challenged on due process grounds, no classification is at issue. Rather, the rational basis test requires that we examine the substance of the statute to determine whether it bears a rational relationship to a legitimate legislative purpose. The State argues that section 115–7.4 serves a purpose similar to that served by section 115–7.3 and is, therefore, rationally related to a legitimate legislative purpose. We agree.

When it enacted this statute, the General Assembly was legitimately concerned with the effective prosecution of crimes of domestic violence, which pose some of the same concerns as sex crimes. An abuser may have a pattern of targeting victims who are vulnerable. Such a victim may be reluctant to testify against her abuser, or the effectiveness of her testimony in court may be affected by fear or anxiety. The abuser may also be adept at presenting himself as a calm and reasonable person and his victim as hysterical or mentally ill. Evidence that the defendant has been involved in a similar incident may persuade a jury that the present victim is worthy of belief because her experience is corroborated by the experience of another victim of the same abuser.[2]

---

[2]We are aware that domestic violence may also be perpetrated by a woman against a man or by a man or a woman against a member of the same sex. We use gendered terms in this opinion because they are consistent with the facts of the present case.

Thus, we find that section 115–7.4 serves a legitimate legislative purpose and that the admission of evidence that the defendant has committed other crimes of domestic violence is rationally related to that purpose.

In addition, while our decision in *Donoho* addressed an equal protection claim, we did comment on the possibility of a due process challenge to the statute, as noted by the appellate court below:

> " '[C]ourts have held that admitting other-crimes evidence does not implicate the due process right to a fair trial where the evidence is relevant and its probative value is not outweighed by its prejudicial effect [citation]; these two limitations are incorporated into section 115–7.3.' " 396 Ill. App. 3d at 627, quoting *Donoho*, 204 Ill. 2d at 177.

Because we have concluded that section 115–7.4 permits the admission of relevant other-crimes evidence in domestic violence cases only if the probative value is not outweighed by the risk of undue prejudice, we reach the same conclusion in the present case.

In his petition for leave to appeal, defendant also raised the question of whether section 115–7.4 violates the equal protection clauses of the state and federal constitutions. However, his brief does not include any argument on this issue.

Supreme Court Rule 341(h)(7) requires that the brief contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." In addition, "[p]oints not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." 210 Ill. 2d R. 341(h)(7).

The State points out this omission in its brief, yet defendant's reply brief makes no mention of an equal protection argument. At oral argument, defense counsel did not make an equal protection argument. Further, after the State pointed out this forfeiture during its argument, defense counsel did not make an equal protection argument on rebuttal.

Therefore, we must conclude that defendant has abandoned his equal protection claim.

## CONCLUSION

For the foregoing reasons, we hold that section 115–7.4 of the Code of Criminal Procedure is constitutional and that it permits the trial court to allow admission of evidence of other crimes of domestic violence to establish the propensity of a defendant to commit a crime of domestic violence if the requirements of the statute and of other applicable rules of evidence are met. The judgment of the appellate court is affirmed.

*Affirmed.*