# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Chambers*, 2011 IL App (3d) 090949

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICK CHAMBERS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-09-0949 |
| Filed | August 12, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for two counts of felony domestic battery, the trial court properly admitted, under section 115-20 of the Code of Criminal Procedure, evidence of defendant's prior incident of domestic battery with the same victim, but the imposition of extended-term sentences was an improper double enhancement where the same prior conviction was used to elevate the domestic battery counts to felonies and as a basis for imposing the extended terms. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 08-CF-3032; the Hon. Daniel J. Rozak, Judge, presiding. |
| Judgment | Affirmed in part; sentence reduced; and remanded with directions. |

| Counsel on Appeal | Kerry J. Bryson, of State Appellate Defender's Office, of Ottawa, for appellant. |

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

| Panel | PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.

Justices Lytton and Schmidt concurred in the judgment and opinion.

## OPINION

¶ 1    After a jury trial, defendant, Patrick Chambers, was convicted of two counts of felony domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2008)) and sentenced to two consecutive extended terms of five years' imprisonment. Defendant appeals, arguing that the trial court erred in: (1) allowing evidence of defendant's prior incident of domestic battery to be admitted at trial under section 115-20 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/115-20 (West 2008)); and (2) sentencing defendant to extended-term sentences based upon the same prior offense of domestic battery that was used to elevate the charges against him to felonies. We affirm defendant's convictions; reduce defendant's sentence on each offense to three years' imprisonment, to run consecutively; and remand the case to the trial court with directions to enter an amended sentencing order to reflect our decision here.

¶ 2                                        FACTS

¶ 3    In December of 2008, defendant was charged with two counts of domestic battery, arising out of a confrontation that occurred between defendant and his girlfriend at the time, Amie Gaines. The charging instrument alleged that on or about December 16, 2008, defendant committed domestic battery in that he grabbed Gaines about the neck (count I) and grabbed Gaines about the face (count II). The two counts were elevated to felonies based upon defendant's prior conviction of felony domestic battery in Will County case number 08-CF-922.

¶ 4    Prior to trial, the State filed a motion *in limine*, pursuant to section 115-20 of the Code, seeking to admit testimony regarding the facts surrounding defendant's prior domestic battery, the one for which defendant was convicted in case number 08-CF-922, on the issue of defendant's propensity to commit the current offense. The prior domestic battery happened in April of 2008 (about eight months before the instant case), was factually similar to the instant case (according to the victim's version of events), and involved the same

victim.[1] Defendant objected to the State's motion *in limine*. After hearing the arguments of the attorneys, the trial court found that the evidence was admissible under section 115-20 and granted the State's motion.

¶ 5        Defendant's case proceeded to a jury trial in August of 2009. The evidence presented at the trial established that in December of 2008, defendant lived with Gaines at her apartment in Will County, Illinois, along with their infant daughter, who had some medical problems, and Gaines's children from her previous marriage. During the late evening hours of December 15, a confrontation ensued between defendant and Gaines. According to Gaines's testimony, defendant threatened to kill her with a knife, choked her, and intentionally poked his thumb into her eye.[2] During the confrontation, Gaines cut defendant with the knife and also sustained some injuries herself. Gaines reported the incident the following day when she and defendant went to the hospital for treatment.

¶ 6        During the course of the trial, pursuant to the ruling on the motion *in limine*, the State presented testimony from Gaines and two other witnesses regarding the circumstances surrounding defendant's prior conviction of domestic battery, an incident that occurred about eight months before the current offense where defendant allegedly broke down the door of Gaines's residence, threatened to kill Gaines, and held a knife to her throat. Defendant renewed his objection to that evidence immediately before the start of the trial and maintained a continuing objection throughout the trial. In his case-in-chief, defendant took the stand and denied that he battered Gaines during the previous incident, claimed that he only pled guilty to the previous incident so that he could be out of custody for the birth of his child, and claimed that Gaines had attacked him with the knife during the current incident. Reference was also made to the previous incident during the State's closing arguments. After deliberations in the current case, the jury found defendant guilty of both counts of domestic battery.

¶ 7        Defendant filed a motion for new trial, again challenging the trial court's ruling on the motion *in limine*. The motion for new trial was subsequently denied. After a sentencing hearing, defendant was sentenced to two consecutive extended terms of five years' imprisonment. Defendant's eligibility for an extended-term sentence was based upon his prior felony conviction for domestic battery in case number 08-CF-922. Defendant filed a motion to reconsider sentence, which the trial court denied. This appeal followed.

¶ 8                                                    ANALYSIS

¶ 9        On appeal, defendant argues first that the trial court erred in allowing evidence of the prior incident of domestic battery to be admitted at trial under section 115-20 of the Code. Defendant does not dispute that the underlying requirements for admissibility under section 115-20 were satisfied. Rather, defendant asserts that under section 115-20, only the fact that defendant was convicted of the prior qualifying offense may be admitted, not the factual

---

[1]On appeal, defendant does not dispute that all of the underlying requirements for admission under section 115-20 of the Code were satisfied.

[2]Defendant has not challenged the sufficiency of the evidence on appeal.

circumstances surrounding that offense. Defendant reaches that conclusion through statutory interpretation and by comparing the language of section 115-20 to the language of a similar statute, section 115-7.3 of the Code (725 ILCS 5/115-7.3 (West 2008)). Based upon the claimed evidentiary error, defendant asks that we reverse his convictions and that we remand this case for a new trial.

¶ 10    A determination of the admissibility of evidence, including other-crimes evidence, is in the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. See *People v. Illgen*, 145 Ill. 2d 353, 364 (1991); *People v. Dabbs*, 239 Ill. 2d 277, 284 (2010). An abuse of discretion occurs where the trial court's ruling is arbitrary, fanciful or unreasonable, or where no reasonable person would take the view adopted by the trial court. *People v. Donoho*, 204 Ill. 2d 159, 182 (2003). Under the abuse of discretion standard, the reviewing court owes some deference to the trial court's ability to evaluate the impact of the evidence on the jury. *Donoho*, 204 Ill. 2d at 186. Reasonable minds can disagree about whether certain evidence is admissible without requiring a reversal of a trial court's evidentiary ruling under the abuse of discretion standard. See *Donoho*, 204 Ill. 2d at 186.

¶ 11    The interpretation of a statute is subject to *de novo* review on appeal. *Donoho*, 204 Ill. 2d at 172. The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Dabbs*, 239 Ill. 2d at 287. The most reliable indicator of that intent is the plain and ordinary meaning of the language of the statute itself. *Dabbs*, 239 Ill. 2d at 287. In determining the plain meaning of statutory terms, a court should consider the statute in its entirety and keep in mind the subject the statute addresses and the apparent intent of the legislature in enacting the statute. *Dabbs*, 239 Ill. 2d at 287; 5 ILCS 70/1.01 (West 2008) (in construing a statute, "[a]ll general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the General Assembly may be fully carried out"). If the statutory language is clear and unambiguous, it must be applied as written, without resorting to further aids of statutory construction. *Dabbs*, 239 Ill. 2d at 287. A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent. *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007).

¶ 12    The common law rule is that other-crimes evidence is not admissible to show a defendant's propensity to commit crimes. *Dabbs*, 239 Ill. 2d at 283; *Donoho*, 204 Ill. 2d at 170; Ill. R. Evid. 404(b) (eff. Jan. 1, 2011). However, by statute, the legislature has made exceptions to that rule in a few specific areas, such as domestic batteries (see 725 ILCS 5/115-7.4, 115-20 (West 2008)) and certain sex offenses and related offenses (see 725 ILCS 5/115-7.3 (West 2008)). See *Dabbs*, 239 Ill. 2d at 291; *Donoho*, 204 Ill. 2d at 176; Ill. R. Evid. 404(b) (recognizing that sections 115-7.3, 115-7.4, and 115-20 of the Code are statutory exceptions to the general rule of inadmissability). In those areas, evidence of a defendant's commission of a prior qualifying offense may be admitted, in the trial court's discretion, to show the defendant's propensity to commit the charged offense if, after weighing certain statutory factors, the trial court determines that the probative value of the evidence is not substantially outweighed by the risk of undue prejudice. See *Dabbs*, 239 Ill.

2d at 291; *Donoho*, 204 Ill. 2d at 176; 725 ILCS 5/115-7.3, 115-7.4, 115-20 (West 2008); see also Ill. R. Evid. 403 (eff. Jan. 1, 2011).

¶ 13    As noted above, one of the statutory exceptions that allows for the admissibility of propensity evidence is contained in section 115-20 of the Code, the section under which the evidence was admitted in the present case. Section 115-20 provides as follows:

"§ 115-20. Evidence of prior conviction.

(a) Evidence of a prior conviction of a defendant for domestic battery, aggravated battery committed against a family or household member as defined in Section 112A-3, stalking, aggravated stalking, or violation of an order of protection is admissible in a later criminal prosecution for any of these types of offenses when the victim is the same person who was the victim of the previous offense that resulted in conviction of the defendant.

(b) If the defendant is accused of an offense set forth in subsection (a) or the defendant is tried or retried for any of the offenses set forth in subsection (a), evidence of the defendant's conviction for another offense or offenses set forth in subsection (a) may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant if the victim is the same person who was the victim of the previous offense that resulted in conviction of the defendant.

(c) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances.

(d) In a criminal case in which the prosecution intends to offer evidence under this Section, it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial, or during trial if the court excuses pretrial notice on good cause shown.

(e) In a criminal case in which evidence is offered under this Section, proof may be made by specific instances of conduct as evidenced by proof of conviction, testimony as to reputation, or testimony in the form of an expert opinion, except that the prosecution may offer reputation testimony only after the opposing party has offered that testimony." 725 ILCS 5/115-20 (West 2008).

¶ 14    Another statutory exception that allows for the admissibility of propensity evidence is contained in section 115-7.3 of the Code. Section 115-7.3 is very similar in language to section 115-20 and is the section to which defendant compares section 115-20 in conducting his statutory analysis in this case. Section 115-7.3, which allows for the admission of propensity evidence in cases involving sex offenses and related offenses, provides as follows:

"§ 115-7.3. Evidence in certain cases.

(a) This Section applies to criminal cases in which:

-5-

(1) the defendant is accused of predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse, criminal sexual abuse, child pornography, aggravated child pornography, or criminal transmission of HIV;

(2) the defendant is accused of battery, aggravated battery, first degree murder, or second degree murder when the commission of the offense involves sexual penetration or sexual conduct as defined in Section 12-12 of the Criminal Code of 1961; or

(3) the defendant is tried or retried for any of the offenses formerly known as rape, deviate sexual assault, indecent liberties with a child, or aggravated indecent liberties with a child.

(b) If the defendant is accused of an offense set forth in paragraph (1) or (2) of subsection (a) or the defendant is tried or retried for any of the offenses set forth in paragraph (3) of subsection (a), evidence of the defendant's commission of another offense or offenses set forth in paragraph (1), (2), or (3) of subsection (a), or evidence to rebut that proof or an inference from that proof, may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant.

(c) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances.

(d) In a criminal case in which the prosecution intends to offer evidence under this Section, it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial, or during trial if the court excuses pretrial notice on good cause shown.

(e) In a criminal case in which evidence is offered under this Section, proof may be made by specific instances of conduct, testimony as to reputation, or testimony in the form of an expert opinion, except that the prosecution may offer reputation testimony only after the opposing party has offered that testimony.

(f) In prosecutions for a violation of Section 10-2, 12-4, 12-13, 12-14, 12-14.1, 12-15, 12-16, or 18-5 of the Criminal Code of 1961, involving the involuntary delivery of a controlled substance to a victim, no inference may be made about the fact that a victim did not consent to a test for the presence of controlled substances." 725 ILCS 5/115-7.3 (West 2008).

¶ 15    Defendant asserts that under section 115-20, only the fact that defendant was convicted of the prior offense may be admitted, not the factual circumstances surrounding that offense. In support of that assertion, defendant compares the language of section 115-20 to the language of section 115-7.3 of the Code. Defendant contends that the legislature's use of the words, "conviction for another offense" in paragraph (b) of section 115-20, rather than "commission of another offense," as used in paragraph (b) of section 115-7.3, is a clear

indication that the legislature intended to limit the evidence that could be admitted under section 115-20 to evidence that defendant was convicted of the prior offense only. Compare 725 ILCS 5/115-20(b) (West 2008), with 725 ILCS 5/115-7.3(b) (West 2008). Defendant contends further that the legislature's use of the words "proof of conviction" in paragraph (e) of section 115-20 is an additional indication of the legislature's intent to limit the evidence that could be admitted under section 115-20 to evidence of the conviction itself, especially when no such limitation appears paragraph (e) of section 115-7.3. Compare 725 ILCS 5/115-20(e) (West 2008), with 725 ILCS 5/115-7.3(e) (West 2008).

¶ 16     The State disagrees with defendant's interpretation of section 115-20 and asserts that when the statute is read as a whole, it is clear that the legislature intended for the facts surrounding the incident that led to the prior conviction to be admissible and not just the fact of the conviction itself. In support of its position, the State points to paragraph (d) of section 115-20, which requires that the State disclose the evidence it intends to offer at trial, including witness statements or a summary of the substance of any testimony (see 725 ILCS 5/115-20(d) (West 2008)). The State posits that the legislature's contemplation that witness statements would be tendered is a clear indication that the legislature intended that evidence of the prior incident itself would be admitted under section 115-20, rather than merely evidence of the prior conviction.

¶ 17     After having reviewed the statutes in question, we disagree with defendant's interpretation of section 115-20. As noted above, in interpreting a statute, we must consider the statutory language as a whole. See *Dabbs*, 239 Ill. 2d at 287; 5 ILCS 70/1.01 (West 2008). Although paragraph (b) of section 115-20 references the prior conviction, as defendant suggests, paragraph (d) of section 115-20 requires the State to disclose the evidence it intends to offer, including witness statements–statements that would not be necessary if the legislature only intended for evidence of the prior conviction itself to be admitted. In addition, while paragraph (e) of section 115-20 also references the prior conviction, its use of the words, "specific instances of conduct," contemplates more than simply evidence that defendant was convicted of a prior offense of domestic battery. The only logical conclusion that we can draw from viewing the language of section 115-20 as a whole, even when compared to the language of section 115-7.3, is that the legislature intended section 115-20 to allow for the admission of evidence regarding the prior incident itself, rather than the mere fact of the prior conviction. In reaching that conclusion, we note that neither party in this appeal has suggested that section 115-20 is ambiguous or has provided citation to any external aides of construction, in the event an ambiguity is found. We conclude, therefore, that under section 115-20, a trial court may properly admit evidence of a prior qualifying incident of domestic battery of which defendant was convicted and which involved the same victim as the current charged offense, if the trial court has weighed the statutory factors and has determined that the probative value of the evidence is not substantially outweighed by the risk of undue prejudice. See 725 ILCS 5/115-20 (West 2008); Ill. R. Evid. 403; *Dabbs*, 239 Ill. 2d at 291; *Donoho*, 204 Ill. 2d at 176.

¶ 18     Having reached that conclusion, we must consider defendant's alternative assertion on this issue–that even if the underlying facts of the prior incident are admissible under section 115-20, the amount of evidence that the trial court allowed to be admitted on the prior

offense constituted an abuse of discretion in that it was cumulative, unduly prejudicial, and resulted in an improper mini-trial on the prior offense. In support of that assertion, defendant notes that three of the State's six witnesses at trial testified about the prior offense.

¶ 19    Once again, however, we do not agree with defendant's assertion. As to the prior offense, the trial court allowed the State to present the testimony of the victim herself, who also testified about the present offense; the victim's nephew, who was present when that prior offense occurred; and an officer who took defendant into custody at Gaines's residence after the prior offense occurred, who saw the knife that defendant allegedly used to threaten Gaines, and who observed that the door to Gaines's residence had been kicked in. Contrary to defendant's assertion, there is no indication in the record that the prior offense became the focus of the trial. Nor is there any indication that the trial court's ruling on the motion *in limine* was arbitrary, fanciful, or unreasonable. This issue was raised and litigated in a pretrial motion and the trial court considered the facts of the prior and current offenses and the requirements of section 115-20 in making its ruling. Under these circumstances, we cannot find that the trial court's ruling constituted an abuse of discretion and, thus, we reject defendant's alternative assertion on this issue. See *Donoho*, 204 Ill. 2d at 182. That reasonable minds might disagree on this issue does not justify a reversal under an abuse of discretion standard. See *Donoho*, 204 Ill. 2d at 186.

¶ 20    Before turning to the next issue, however, we must address one final point on this issue. Even if we would have agreed with defendant's interpretation of section 115-20, which we do not, we would still have to conclude that the evidence of the prior qualifying incident itself was properly admitted, albeit under section 115-7.4 of the Code (725 ILCS 5/115-7.4 (West 2008)). Section 115-7.4 sets forth another statutory exception that allows for the admissibility of propensity evidence in domestic violence cases. Section 115-7.4 provides as follows:

"§ 115-7.4. Evidence in domestic violence cases.

(a) In a criminal prosecution in which the defendant is accused of an offense of domestic violence as defined in paragraphs (1) and (3) of Section 103 of the Illinois Domestic Violence Act of 1986, evidence of the defendant's commission of another offense or offenses of domestic violence is admissible, and may be considered for its bearing on any matter to which it is relevant.

(b) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances.

(c) In a criminal case in which the prosecution intends to offer evidence under this Section, it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial, or during trial if the court excuses pretrial notice on good cause shown.

(d) In a criminal case in which evidence is offered under this Section, proof may be made by specific instances of conduct, testimony as to reputation, or testimony in the

form of an expert opinion, except that the prosecution may offer reputation testimony only after the opposing party has offered that testimony." 725 ILCS 5/115-7.4 (West 2008).

¶ 21 By our reading, section 115-7.4, which contains language regarding the "commission of another offense" similar to the language of section 115-7.3 relied upon by defendant, allows for the admission of propensity evidence in domestic battery cases, in the trial court's discretion, after the trial court performs a similar type of weighing analysis as that which would be performed under section 115-7.3 or section 115-20. Compare 725 ILCS 5/115-7.4 (West 2008), with 725 ILCS 5/115-7.3 (West 2008), and with 725 ILCS 5/115-20 (West 2008); *Dabbs*, 239 Ill. 2d at 291; *Donoho*, 204 Ill. 2d at 176. Although neither party cited section 115-7.4 in this appeal and the statute was not relied upon by the trial court in making its ruling, we may nevertheless affirm the trial court's ruling upon any basis that is supported by the record (*People v. Reed*, 361 Ill. App. 3d 995, 1000 (2005); *People v. Smith*, 406 Ill. App. 3d 747, 752 (2010)) and would in this case affirm the trial court's evidentiary ruling based upon section 115-7.4, as well.

¶ 22 As his next issue on appeal, defendant argues, and the State agrees, that the imposition of extended-term sentences in this case constitutes an improper double enhancement because the same prior conviction that was used to elevate the two counts of domestic battery to felonies was also used as the basis for imposing the extended-term sentences. See *People v. Hobbs*, 86 Ill. 2d 242, 244-46 (1981). Accordingly, we reduce defendant's sentence to three years' imprisonment on each count of domestic battery, with said terms of imprisonment to run consecutively. We remand this case to the trial court with directions to enter an amended sentencing order to reflect our ruling on this issue.

¶ 23 For the foregoing reasons, we affirm defendant's convictions for domestic battery. We reduce defendant's sentence for each conviction to three years' imprisonment, with said terms to run consecutively. We remand this case to the trial court with directions to amend the sentencing order accordingly.

¶ 24 Affirmed in part; sentence reduced; and remanded with directions.