2024 IL App (2d) 230129-U
No. 2-23-0129
Order filed March 12, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22-CF-1031 |
| ROBERT T. BOATRIGHT, | ) ) ) | Honorable Salvatore LoPiccolo Jr. |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: In defendant's prosecution for domestic battery, the trial court did not err in allowing evidence of defendant's prior acts of domestic violence that involved the same victim as the charged offense and occurred in a similar context.

¶ 2    Following a bench trial in the circuit court of Kane County, defendant, Robert T. Boatright, was convicted of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)) and attempted armed robbery (*id.* §§ 8-4(a), 18-2(a)(1)). The offenses stemmed from an incident that occurred on June 7, 2022, when defendant was in a dating relationship with the victim, Monica Wilson. Defendant

argues on appeal that the trial court erred in admitting evidence of his prior acts of domestic violence against Wilson. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Before trial, the State filed a motion *in limine* seeking to admit evidence, under section 115-7.4 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-7.4 (West 2020)), that defendant committed offenses of domestic violence against Wilson on November 6, 2016, June 2, 2017, August 19, 2019, and September 16, 2019. The trial court granted the motion in part, ruling that evidence of the November 6, 2016, and August 19, 2019, offenses was admissible.

¶ 5     At trial, Wilson testified that defendant was her former boyfriend. On June 6, 2022, they were dating and living together in a rented room in a house in Aurora. There were tenants in other rooms at the time. On the evening of June 6, 2022, defendant was intoxicated and began yelling and screaming that he wanted money to buy alcohol. The other occupants removed defendant from the house because of his behavior. Defendant returned to the house at around noon the next day and started banging on the back door. Wilson opened the door for defendant. When he entered the house, he started cursing and screaming. Wilson and defendant returned to their room. Defendant told Wilson to give him "[his] money" or he would kill her. At one point, defendant took Wilson's shoes and phone from her. After this, he struck her nose with his open hand. The blow left a scratch on her nose. Later, defendant left the room and returned with a knife. While holding the knife, defendant demanded that Wilson give him "his money." At some point, defendant went into the bathroom, and Wilson called 911.

¶ 6     Wilson also described incidents that occurred on November 6, 2016, and August 19, 2019. On the earlier date, she and her two daughters lived in an apartment. Defendant was there (apparently visiting). He and Wilson were dating at the time. Wilson testified that defendant was

intoxicated, and he wanted to drive to get more alcohol. Wilson did not want defendant to take the car, so she followed him outside and tried to take the car keys from him. Defendant then started hitting her face and chest, leaving her with a black eye.

¶ 7　On August 19, 2019, Wilson and defendant lived together in a second-story apartment. In the early morning hours, defendant was intoxicated and started yelling at Wilson because he "want[ed] a phone." When Wilson told him she did not have "the phone," defendant searched her body for it anyway. When he could not find it, he started hitting her head and body. He also grabbed her and tried to throw her out of a window. The window shattered, and Wilson suffered a deep wound to her wrist. She also sustained bruising to her body.

¶ 8　After being convicted and sentenced, defendant filed this timely appeal.

¶ 9　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 10　Defendant argues that the trial court erred in admitting evidence that he committed offenses of domestic violence against Wilson on November 6, 2016, and August 19, 2019. "In general, other-crimes evidence is not admissible to show a defendant's criminal propensity." *People v. Adams*, 2023 IL App (2d) 220061, ¶ 67. However, section 115-7.4 of the Code (725 ILCS 5/115-7.4 (West 2020)) carves out an exception in prosecutions for offenses of domestic violence. Section 115-7.4(a), (b) provides, in pertinent part:

　　　　"(a) In a criminal prosecution in which the defendant is accused of an offense of domestic violence as defined in paragraphs (1) and (3) of Section 103 of the Illinois Domestic Violence Act of 1986, or first degree murder or second degree murder when the commission of the offense involves domestic violence, evidence of the defendant's commission of another offense or offenses of domestic violence is admissible, and may be considered for its bearing on any matter to which it is relevant.

(b) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances." *Id.* § 115-7.4(a), (b).

Evidence admitted under this provision may be used to establish the defendant's propensity to commit offenses of domestic violence. *People v. Heller*, 2017 IL App (4th) 140658, ¶ 44. "The admissibility of other-crimes evidence is within the sound discretion of the trial court, and its decision on the matter will not be disturbed absent a clear abuse of discretion." *People v. Dabbs*, 239 Ill. 2d 277, 284 (2010). "Abuse of discretion" is "the most deferential standard of review recognized by the law." *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 47. "A trial court abuses its discretion only when its ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Id.*

¶ 11    According to defendant, the incidents in 2016 and 2019 were insufficiently probative of defendant's guilt because they were remote in time from, and factually dissimilar to, the incident giving rise to the offenses charged in this case. As noted, Wilson testified that, in 2016, she and defendant were dating. On one occasion, defendant was at Wilson's apartment and was intoxicated. An altercation occurred when Wilson attempted to stop defendant from driving to obtain alcohol. Defendant struck Wilson in the face and chest. In 2019, when defendant and Wilson were living together, defendant, who was intoxicated, asked Wilson for "a phone," and reacted violently when she said she did not have "the phone." Defendant points to the following differences between the charged incident and the prior incidents: (1) in the charged incident, in addition to striking Wilson, defendant brandished a weapon and issued a verbal threat; (2) in the

charged incident, Wilson suffered only a scratch, but in the 2019 incident, defendant pushed Wilson into a window, causing her to cut her wrist on broken glass; (3) in contrast to the prior incidents, there was no evidence that defendant was intoxicated during the charged incident; and (4) defendant and Wilson were living together at the time of the charged incident but not at the time of the 2016 incident.

¶ 12    These differences do not diminish the probative value of the prior incidents. "To be admissible under section 115-7.4, the other-crimes evidence must bear merely general similarity to the charged offense." (Internal quotation marks omitted.) *People v. Ross*, 2018 IL App (2d) 161079, ¶ 173. In *Ross*, the defendant was convicted of first-degree murder in connection with the shooting death of Jaqueline Schaefer, whom the defendant had lived with and dated sporadically. *Id.* ¶¶ 1, 10. On appeal, the defendant argued that the trial court abused its discretion by admitting evidence that the defendant had committed acts of violence against Schaefer nearly five years before her death. *Id.* ¶ 162. The defendant noted that the prior incidents did not involve a gun and were apparently fueled by alcohol, whereas there was no evidence that intoxication played a role in Schaefer's murder. *Id.* ¶ 170. We rejected the argument, noting that "[w]hat is critical here is that all incidents resulted in physical injury to Schaefer, evidently inflicted by [the] defendant in [the] defendant's home." *Id.* ¶ 173. We further observed that "it 'is well established' that 'prior assaults against a victim of a crime that a defendant is charged with committing is probative of intent or motive.' " *Id.* (quoting *People v. Abraham*, 324 Ill. App. 3d 26, 35 (2001)).

¶ 13    Here, as in *Ross*, the same victim was involved in the prior incidents and the charged incident. All three incidents similarly evolved: defendant grew angry and violent when he perceived that Wilson was not sufficiently attentive to his needs. The charged incident involved Wilson's failure to give defendant money to buy alcohol. Similarly, the 2016 incident stemmed

from Wilson's attempt to prevent defendant, who was intoxicated, from driving to obtain alcohol. The 2019 incident ensued when Wilson failed to accede to defendant's desire for "a phone."

¶ 14    Defendant is correct that the charged incident differs from the prior incidents, in which he was intoxicated, he did not display a weapon, and (at least in the 2019 incident) he inflicted a more serious injury.  However, *Ross* teaches that such distinctions do not require the exclusion of evidence of prior instances of domestic violence.  Nor is the probative value of the 2016 incident reduced by the fact that Wilson and defendant lived separately at that time but were living together when the charged incident occurred.  Moreover, the interval here between the 2016 incident and the charged offense was comparable to the interval in *Ross* between the charged offense and the prior offenses.  Accordingly, we cannot say the trial court abused its discretion by permitting the State to introduce evidence of the 2016 and 2019 incidents.

¶ 15                              III. CONCLUSION

¶ 16    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 17    Affirmed.